DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Edmund W. Schuster, appeals the decision of the Lorain County Court of Common Pleas, which awarded summary judgment to appellees, the City of Avon Lake (the "City") and the City of Avon Lake Planning Commission (the "Commission"). This Court dismisses the appeal.
 I. {¶ 2} Appellant is the owner of 4.340 acres of land located within the City of Avon Lake. On June 6, 2002, the Commission received the general development plan/application for a planned unit development to be known as Piccolo Place. After reviewing the application, the Commission scheduled a public hearing on the application for July 2, 2002. Pursuant to Section 1252.09(d)(1) of the Codified Ordinance of the City of Avon Lake, the City provided notice of the public hearing via the Lorain Morning Journal. In addition, the City sent written notice of the public hearing to all owners of property within 300 feet of the development. However, the notice to appellant contained two typographical errors. First, the notice was addressed to a nonexistent street. Second, the state of Ohio was abbreviated "O" rather than "OH."
 {¶ 3} At the July 2, 2002 meeting, the Commission approved the application and sent it to the City Council for a first reading and approval. After holding three public meetings, the City passed Ordinance No. 177-2002 (the "Ordinance"), which approved the general development plan for Piccolo Place. Although appellant claims that he never received the written notice of the public hearing held by the Commission on July 2, 2002, appellant's counsel was present at two of the three public meetings held by the City. The City maintains that the notice regarding the public hearing held on July 2, 2002, addressed to Schuster was not returned to it by the postal service.
 {¶ 4} On September 16, 2002, appellant filed a complaint seeking declaratory judgment and a preliminary injunction against appellees. Appellant's complaint sought a ruling that the Ordinance be declared void. Appellees filed an answer to the complaint on October 15, 2002, and a motion for summary judgment on March 7, 2003. On March 25, 2002, appellant filed a response to appellees' motion for summary judgment. On April 4, 2003, the trial court granted appellees' motion for summary judgment.
 {¶ 5} Appellant timely appealed to this Court, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in granting the appellees' motion for summary judgment because there was a question of material fact about whether or not the appellant received the required notice of planning commission's hearing due to him."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred as a matter of law in granting the appellees' motion for summary judgment because such decision was contrary to the appellant's constitutional right to procedural due process."
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred in granting appellees' motion for summary judgment because there was a question of material fact about whether or not he received notice of the Commission's July 2, 2002 hearing. In his second assignment of error, appellant argues that the trial court's decision was a violation of his constitutional right to procedural due process. However, this Court will not reach the merits of appellant's appeal, as we find the appeal is moot.
 {¶ 7} The Supreme Court of Ohio has addressed the issue of when a matter becomes moot:
"`The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.'" Miner v.Witt (1910), 82 Ohio St. 237, 238, quoting Mills v. Green (1895),159 U.S. 651, 653, 40 L.Ed. 293.
 {¶ 8} In the case sub judice, appellant sought to have the Ordinance declared void as well as a preliminary and permanent injunction. The trial court denied appellant's motion for such relief, and awarded summary judgment in favor of appellees. Appellant did not seek a stay of execution of the ruling of the trial court. At oral argument, it was revealed that construction has begun at Piccolo Place. This Court has held that in cases such as this, where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot. See Novak v. Avon Lake Bd. OfEd., 9th Dist. No. 01CA007835, 2001-Ohio-1880. See, also, State ex rel.Wenger v. The Univ. of Akron (July 8, 1976), 9th Dist. No. 8078.
 III. {¶ 9} Because this Court finds that the issues raised in this appeal are moot, the appeal is dismissed.
Appeal dismissed.
Baird, P.J., Whitmore, J. concur.