DECISION
{¶ 1} On April 12, 2000, appellant-appellee, Nextel West Corp. ("Nextel"), filed a conditional use request with the Franklin County Board of Zoning Appeals ("the Board of Zoning Appeals"), appellee-appellant, seeking approval to construct a telecommunication facility at 3960 Bowen Road, Madison Township, Franklin County, Ohio. In June 2000, the Board of Zoning Appeals denied the conditional use request. Nextel filed an appeal to the Franklin County Court of Common Pleas from the Board of Zoning Appeals decision.
 {¶ 2} In its appeal to the trial court, Nextel argued: (1) that the Board of Zoning Appeals does not have authority, under R.C. 303.211, to regulate public utilities in the "Rural Zoning District" that was designated in the "Franklin County Zoning Regulations"; and (2) that the record does not contain reliable, probative, and substantial evidence supporting the Board of Zoning Appeals' decision to deny the conditional use request. The trial court found that the Board of Zoning Appeals was without jurisdiction to require a conditional use permit for the construction of the telecommunications facility. (May 31, 2001 Decision, at 5.) The trial court stated in its decision that "[s]ince [R.C. 303.211] specifically precludes the Board of Zoning Appeals from attempting to regulate the construction of this public utility on property not zoned solely for residential use, the Board was without jurisdiction to require a conditional use permit." Id. Having found that issue dispositive of the case, the trial court declined to address the issue of whether there was reliable, probative, and substantial evidence in the record to support the Board of Zoning Appeals' decision. Id.
 {¶ 3} On July 2, 2001, the Board of Zoning Appeals appealed to this court. The case was docketed as case No. 01AP-759. On July 9, 2001, property owners Calvin O. and Laura S. Miller, as well as Noel M. and Gerri L. Rini, also appealed to this court from the decision of the trial court. That appeal was docketed as case No. 01AP-783. None of the aforementioned property owners were parties in the proceedings before the trial court. On July 20, 2001, this court consolidated the two appeals.
 {¶ 4} On August 3, 2001, appellee Nextel filed a motion to dismiss the appeal on the basis that it was moot because the telecommunications facility had already been constructed. NextelWest Corp. v. Franklin Cty. Bd. of Zoning Appeals (Feb. 14, 2002), Franklin App. No. 01AP-759 (nunc pro tunc memorandum decision). On August 9, 2001, the Millers and the Rinis filed a motion to intervene. Id.
 {¶ 5} In Nextel West Corp., this court determined that the trial court may have lacked subject-matter jurisdiction over the case. Id. at 3. Also, this court observed the following: "Nextel had begun construction of the tower following the common pleas court's judgment. Construction of the tower was completed on July 16, 2001. The board had not filed a motion for a stay of the common pleas court's decision until July 17, 2001. The stay was granted on July 23, 2001." Id. at 2. Notwithstanding these facts, this court determined that the mootness issue raised by Nextel's motion to dismiss could not be evaluated by this court if the judgment of the trial court was void ab initio. Id. at 4. As stated in Nextel West Corp.:
[S]ubject-matter jurisdiction is a prerequisite to assertion of the mootness doctrine. Indeed, if the common pleas court did not have subject-matter jurisdiction over the action, its "judgment" is void ab initio and a nullity. Therefore, no "satisfaction" of such void judgment (here, the construction of the telecommunications facility) could occur. For this reason, the common pleas court's possible lack of subject-matter jurisdiction to render any judgment in this matter cannot somehow be avoided by application of the mootness doctrine.
(Citation omitted.) Id. at 4-5.
 {¶ 6} The cause was remanded to the trial court "for an evidentiary hearing on the issue of whether a notice of appeal was filed with the BZA." Id. at 5. This court therefore did not reach the merits of the appeal, the mootness issue, or the motion to intervene issue in that appeal.
 {¶ 7} On remand to the trial court, an evidentiary hearing was held before a magistrate to determine whether Nextel filed a timely notice of appeal with the Board of Zoning Appeals. In a decision rendered on October 16, 2002, the magistrate found that the notice of appeal was properly filed and that the common pleas court had jurisdiction over the appeal. (See October 16, 2002 Magistrate's Decision on Evidentiary Hearing, at 9.) No party filed objections to the magistrate's decision. (See November 25, 2002 Journal Entry Adopting Magistrate's Decision and Reversing the Board of Zoning Appeals.) On May 28, 2003, the trial court overruled Calvin and Laura Miller's motions to intervene in the proceedings and for reconsideration of the trial court's May 31, 2001 decision that reversed the order of the Board of Zoning Appeals. (See May 28, 2003 Journal Entry.) The trial court also adopted the magistrate's decision and found that Nextel had properly invoked the trial court's jurisdiction. Id. Furthermore, the trial court stated that "the decision of the court rendered on May 31, 2001 which reversed the order of the Board of Zoning Appeals stands." Id.
 {¶ 8} The Board of Zoning Appeals has appealed to this court and has assigned the following error:
The trial court erred by holding that the Rural District of the Franklin County Zoning Resolution was not an area zoned for residential use under R.C. 303.211(B).
 {¶ 9} Because we find the appeal moot, we do not reach the merits of this appeal.
 {¶ 10} As a general rule, courts will not resolve issues that are moot. See Miner v. Witt (1910), 82 Ohio St. 237. "The doctrine of mootness is rooted both in the `case' or `controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. * * * While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question." (Citations omitted.) James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788, 791.
 {¶ 11} In support of its August 3, 2001 motion to dismiss on the basis of mootness, Nextel submitted an affidavit of Richard Helmbright. According to the affidavit, Mr. Helmbright is responsible for the management of wireless telecommunications towers in the Columbus, Ohio market, "including the tower that was constructed at 3960 Bowen Road, Madison Township, Franklin County." (See Affidavit of Appellee, Nextel West Corp., in Support of Appellee's Motion to Dismiss.) The affidavit states that the tower at issue in this case was constructed using a normal construction schedule, which is between five and six weeks. Id. We note that according to the affidavit, the telecommunications tower was completed on July 16, 2001, and the "only other building or structure that is a part of the telecommunications facility is a * * * prefabricated equipment shelter," which was "put onto the site on July 13, 2001." Id. Furthermore, as stated in the affidavit, "construction was completed on [July 16, 2001]." Id.
 {¶ 12} In response to Mr. Helmbright's affidavit, an affidavit of Calvin Miller was filed. Mr. Miller, an owner of property adjoining the site of the tower, asserted that "there were no visible signs of any construction on the site until June 22, 2001." (See Affidavit of Appellant Calvin Miller in Opposition to Motion to Dismiss of Appellee Nextel West Corp.) Mr. Miller also stated that "[t]he telecommunications tower itself was erected by July 16 or 17, 2001, but installation of the facilities was not complete for at least ten more days thereafter, and work has continued on the facility up to and including August 16, 2001." Id.
 {¶ 13} The Ninth District Court of Appeals has held that "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." Schuster v. Avon Lake, Lorain App. No. 03CA008271, 2003-Ohio-6587, at ¶ 8. Here, the Board of Zoning Appeals did not obtain or even file an application for a stay of the trial court's decision vis-à-vis the construction of the tower prior to the completion of the telecommunications tower.[1] Nextel acted in compliance with the trial court's May 31, 2001 decision, which found that the Board of Zoning Appeals was without jurisdiction to require a conditional use permit in this case, and pursued its interests by constructing the telecommunications tower. Even though the submitted affidavits are conflicting with respect to when any supplementary "facilities" to the tower were completed, this conflict does not preclude our dismissal of this case. Considering the facts of this case, we conclude that the mootness doctrine applies.
 {¶ 14} Notwithstanding the above discussion, there are exceptions to the mootness doctrine. A court may hear an appeal that is otherwise moot when the issues raised are "capable of repetition, yet evading review." State ex rel. Plain Dealer Pub.Co. v. Barnes (1988), 38 Ohio St.3d 165, paragraph one of the syllabus. The "capable of repetition, yet evading review" exception to the mootness doctrine "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Calvaryv. Upper Arlington (2000), 89 Ohio St.3d 229, 231. As conceded at oral argument by the Board of Zoning Appeals, this exception to the mootness doctrine is not an issue in this appeal. We concur with the Board of Zoning Appeals and find that this exception to the mootness doctrine does not apply to the case at bar.
 {¶ 15} Additionally, "`[a]lthough a case may be moot with respect to one of the litigants, the court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest.'" State ex rel. White v. Koch,96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 16, quoting Franchise Developers, Inc. v. Cincinnati (1987),30 Ohio St.3d 28, paragraph one of the syllabus. This court has observed:
* * * On rare occasions, the court may retain an otherwise moot action for determination when it involves an issue of great public importance so that the question can be properly determined on its merits. See McDuffie v. Berzzarins (1975),43 Ohio St.2d 23, 330 N.E.2d 667. Ordinarily, however, it is only the highest court of the state that adopts this procedure rather than a court whose decision does not have binding effect over the entire state * * *."
Harshaw v. Farrell (1977), 55 Ohio App.2d 246, 251.
 {¶ 16} As stated by the Board of Zoning Appeals, the issue presented for review in this case is "[w]hether the Rural Zoning District of the Franklin County Zoning Resolution is an `Area Zoned for Residential Use' under R.C. 303.211(B)." (Appellant's brief, at 2.) We do not view the case sub judice as one of those "rare occasions" that warrants this court's invocation of the "public or general interest" exception to the mootness doctrine.[2]
 {¶ 17} Based on the foregoing, we find that this appeal is moot. Additionally, because no exception to the mootness doctrine applies, we dismiss this appeal.
Appeal dismissed.
Bowman, J, concurs.
Sadler, J., dissents.
[1] At best, the application for a stay was filed the same day that the telecommunications tower was completed, which was after multiple weeks of construction had transpired.
[2] We observe that the Supreme Court of Ohio has assessed the ambiguous phrase "an area zoned for residential use." In SymmesTownship Bd. of Trustees v. Smyth (2000), 87 Ohio St.3d 549, the Supreme Court discussed the phrase's context and common usage as well as legislative intent, and the court determined the phrase to mean "an area zoned as a residential district, an area with a residential zoning classification under the township's zoning resolution, or an area zoned primarily for residential use." Id. at 558.