DECISION AND JOURNAL ENTRY
{¶ 1} Alan R. Poulson, et al.-Appellants have appealed from a decision of the Wayne County Court of Common Pleas that dismissed their administrative appeal as moot. This Court affirms the trial court's dismissal of Appellants' appeal as moot.
 I {¶ 2} On March 18, 2004, Alan R. Poulson, et al.-Appellants filed an administrative appeal in the Wayne County Court of Common Pleas from a decision of the Wooster City Planning Commission ("Commission") that granted approval of a subdivision plat known as Crystal View Subdivision Phase IV.[1] On July 30, 2004, Appellee filed a motion to dismiss Appellants' appeal as moot because the construction of the property at issue was complete. In its motion, Appellee pointed out that Appellants never requested a stay to prohibit the construction of the disputed property. On August 12, 2004, Appellants responded to Appellee's motion to dismiss. Appellants argued that the Commission "cannot violate its subdivision regulations by accepting and allowing dedication of improvements on the land which are proposed for public use when the final plat permitting the subdivision is subject to [the instant] appeal." Appellants then asked the court to reverse the Commission's approval of the completed construction and vacate it and declare the approval illegal. On September 29, 2004, the trial court granted Appellee's motion to dismiss the case for mootness and dismissed Appellant's case with prejudice.
 {¶ 3} Appellants have timely appealed, asserting four assignments of error.
 II Assignment of Error Number One
"The trial court erred as a matter of law by holding appeal moot because the claims of appellants that final plat not legally approved under the law was not made purely academic as court decision would be an appropriate remedy."
 Assignment of Error Number Two
"The trial court erred as a matter of law by holding the appeal moot because the developer had constructed the improvements for the subdivision before the approval of the final plat by the City's Planning Commission."
 Assignment of Error Number Three
"The trial court erred as a matter of law because the recording of the plat with the county recorder does not make the appeal of the final plat moot."
 Assignment of Error Number Four
"The trial court erred as a matter of law by holding appeal moot because the city was not without fault with respect to the occurrences upon which it claimed mootness."
 {¶ 4} In their four assignments of error, Appellants have argued that the trial court erred in finding the instant matter moot. Specifically, Appellants have argued that: 1) whether or not construction is complete does not negate their argument that the final plat was improperly approved by the Commission; 2) the issue is not moot because the construction improvements were complete before the Commission approved the plat; 3) the instant appeal does not concern the recording or construction process, rather it concerns the platting process, which remains at issue; and 4) the Commission was at fault for any findings of mootness and as such the instant cannot be moot. This Court will not reach the merits of Appellants' appeal because we affirm the trial court's finding that the appeal is moot.
 {¶ 5} The issue of mootness is a question of law; therefore, we review the trial court's decision finding the instant matter moot under the de novo standard of review. A de novo standard of review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. County Comm'rs (1993),87 Ohio App.3d 704, 711. We note that the Ohio Supreme Court also reviews appellate court findings of mootness under the de novo standard of review. Univ. Hosps. of Cleveland, Inc. v. Lynch, 96 Ohio St.3d 118,2002-Ohio-3748, at ¶ 52.
 {¶ 6} As a general rule, courts will not resolve issues that are moot. See Miner v. Witt (1910), 82 Ohio St. 237. In Miner, the Ohio Supreme court addressed the issue of when a matter becomes moot:
"`The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.'" Id. at 238, quoting Mills v. Green (1895), 159 U.S. 651, 653, 40 L. Ed. 293.
 {¶ 7} This Court has held that in cases such as this, "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." Schuster v. City ofAvon Lake, 9th Dist. No. 03CA008271, 2003-Ohio-6587, at ¶ 8. See Novakv. Avon Lake Bd. Of Ed. (Dec. 5, 2001), 9th Dist. No. 01CA007835; Stateex rel. Wenger Corp. v. The Univ. of Akron (July 8, 1976), 9th Dist. No. 8078.
 {¶ 8} A review of the record reveals that Appellants never sought a stay of execution to prohibit construction of the disputed property. The record also reveals that Appellee provided evidence, which Appellants have not challenged, that as of July 23, 2004, construction on the disputed property was complete; Appellee also provided photographs of the completed construction.[2] Appellants have also failed to address their failure to request a stay pending appeal.
 {¶ 9} Based on the foregoing, we find that the trial court did not err when it dismissed Appellants' appeal as moot. As such, we decline to address Appellants' four assignments of error.
 III {¶ 10} The judgment of the Wayne County Court of Common Pleas that dismissed Appellants' appeal as moot is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., Concur.
[1] Appellants previously filed an appeal to the common pleas court in which the court remanded the case back to the Commission to remedy two issues: 1) the final plat was approved without a fire department report; and 2) the approval order of the final plat contained a contingency, which was not permitted by the regulations.
[2] Appellants have challenged the date the construction was completed, but not that it is actually complete.