OPINION
{¶ 1} On April 28, 2004, appellee-appellee, the City Council of the City of Columbus ("the City"), approved the application of appellee-appellee, Watermark Services, LLC ("Watermark"), granting it a variance to allow construction of a Wendy's restaurant located at 1054 East Broad Street, Columbus, Ohio. On May 20, 2004, appellants-appellants, Ricky Redmon and Leslie Sawyer (collectively referred to as "Redmon"), filed an administrative appeal in the Franklin County Court of Common Pleas, concerning the city's approval of Watermark's application. On March 22, 2005, the trial court dismissed Redmon's administrative appeal for lack of standing.
 {¶ 2} Redmon filed a notice of appeal to this court on May 11, 2005. At the same time, Redmon filed a motion with the trial court requesting that it continue the stay entered on July 8, 2004, pending the appeal to this court. On June 17, 2005, the trial court granted Redmon's motion, but ordered Redmon to post a supersedeas bond in the amount of $50,000. Redmon, however, was fiscally unable to post the bond. Redmon then filed with this court, a motion for a stay of execution of the trial court judgment pending appeal without having to post a supersedeas bond, which was denied on July 21, 2005.
 {¶ 3} Following submission of this case for our determination, appellees-appellees have jointly moved this court to dismiss the instant appeal on the basis that the controversy between the parties has been rendered moot by the construction of the Wendy's restaurant at issue. The motion was supported by the affidavit of Eric R. Stevenson, a managing member of Watermark Services, LLC. According to his affidavit, Watermark commenced construction of the restaurant on November 30, 2005, and, to date, spent over $1,000,000 relating to said construction. (Affidavit of Eric R. Stevenson, at ¶ 5-6.) Mr. Stevenson also stated that the restaurant was scheduled to open on February 28, 2006. Id. at ¶ 7. Copies of photographs depicting the extent to which the restaurant had already been completed were attached as exhibits to his affidavit.
 {¶ 4} Redmon filed a memorandum contra, asserting, inter alia, that construction of the Wendy's restaurant in dispute had no bearing on the issue of mootness. We disagree.
 {¶ 5} As a general rule, courts will not resolve issues that are moot. See, Nextel West Corp. v. Franklin Cty. Bd. of ZoningAppeals, Franklin App. No. 03AP-625, 2004-Ohio-2943, at ¶ 10, citing Miner v. Witt (1910), 82 Ohio St. 237:
The doctrine of mootness is rooted both in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. * * * While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. (Citations omitted.)
 {¶ 6} As noted by appellees in their motion, this court inNextel, supra, dismissed that action on mootness grounds when the development at issue had been built during pendency of the appeal. In reaching our conclusion, we relied upon Schuster v.Avon Lake, Lorain App. No. 03CA008271, 2003-Ohio-6587, at ¶ 8, in which the Ninth District Court of Appeals recognized that "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." Other Ohio appellate courts have held likewise. See, also, Smola v. Legeza, Ashtabula App. No. 2004-A-0038, 2005-Ohio-7059; Poulson v. Wooster City PlanningComm., Summit App. No. 04CA0077, 2005-Ohio-2976; Pinkney v.Southwick Invest., Cuyahoga App. No. 85074 2005-Ohio-4167.
 {¶ 7} Here, Redmon did not obtain a stay of the trial court's decision. Watermark, having prevailed at the trial court level, pursued its interests by constructing the restaurant. Considering these facts, as well as the case law cited above, we conclude that the mootness doctrine applies. Thus, we grant appellees' motion to dismiss the appeal by Redmon.
Appellee's motion to dismiss appeal granted.
Klatt, P.J., and Petree, J., concur.