DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Michelle Primm, appeals from a judgment of the Summit County Court of Common Pleas affirming the Akron City Council's ordinance approving a conditional land use application. We dismiss this appeal as moot.
 I. {¶ 2} Appellee, Akron Metro Regional Transit Authority ("Metro") operates a "Park-N-Ride" commuter bus service linking the Akron area with downtown Cleveland. Metro held a temporary lease for parking spaces, expiring at the end of 2005, with Summit Mall in Fairlawn. Anticipating the end of the lease with Summit Mall and seeking to construct a new Park-N-Ride facility, Metro decided to lease a triangular-shaped parcel of land owned by First Energy at the corner of Ghent and Sourek Roads. Approximately 5.06 acres of the property are located in the city of Akron, while the remaining .91 acre is in Bath Township. The property is zoned for residential use. Metro intended to build a bus shelter, a turnaround for busses, and a parking lot for 130 cars. Metro also intended to landscape the facility to provide a buffer from the surrounding homes.
 {¶ 3} Metro applied for a petition for conditional use of the property, and the Akron City Planning Department recommended approval to Appellee, the Akron City Planning Commission. The Commission, in turn, recommended approval to the City Council, which approved the conditional use in Ordinance No. 215-2005. The ordinance was passed on April 25, 2005 and approved by the mayor on April 29, 2005.
 {¶ 4} Primm, who resides near the property, and Appellant Neighbors for Responsible Land Use ("NRLU"), an unincorporated citizens' group, filed an administrative appeal with the Summit County Court of Common Pleas. Appellant and NRLU also filed a motion for a stay preventing the issuance of the conditional use permit and a motion for a temporary restraining order against construction on the site. The trial court denied both motions on August 12, 2005. Construction on the facility began soon thereafter and the trial court affirmed the city ordinance on March 21, 2006, holding that NRLU did not have standing and that the city council's decision was not arbitrary, capricious, or unsupported by a preponderance of evidence. Primm appealed to this court on April 13, 2006, raising one assignment of error.
 {¶ 5} On May 31, 2006, after construction was complete, Appellees filed a motion with this Court to dismiss the appeal as moot. Primm moved the trial court to stay execution of the judgment on June 9, 2006 and filed a motion in opposition to Appellees' motion to dismiss. The trial court denied the motion to stay on June 23, 2006 and this Court denied the motion to dismiss on July 13, 2006, reserving authority to re-visit the motion to dismiss during the final disposition of this case.
 II. Assignment of Error "THE COMMON PLEAS COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT AKRON CITY COUNCIL ADHERED TO THE CONDITIONAL USE CRITERIA CONTAINED IN AKRON'S ZONING CODE."
 {¶ 6} This Court has repeatedly held that in cases involving the construction of a building, if a party fails to obtain a stay of execution before construction commences, the case is moot. Poulson v.Wooster City Planning Comm., 9th Dist. No. 04CA0077, 2005-Ohio-2976, at ¶ 7, quoting Schuster v. City of Avon Lake, 9th Dist. No. 03CA008271,2003-Ohio-6587, at ¶ 8. A court's duty is solely to decide actual controversies by a judgment that can be carried into effect; therefore we are precluded from answering moot questions. Frank Novak and Sons,Inc. v. Avon Lake Bd. of Edn. (Dec. 5, 2001), 9th Dist. No. 01CA007835, at *1, citing Miner v. Witt (1910), 82 Ohio St. 237, 238.
 {¶ 7} Appellant argues that she sought a preliminary injunction soon after filing the administrative appeal, well before construction began. In fact, Appellant's motion was for a temporary restraining order, not a preliminary injunction, although both forms of injunctive relief fit the definition of a "provisional remedy," making the analysis the same. See R.C. 2505.02(A)(3); R.C. 2505.02(B)(4). Both this motion and Appellant's subsequent motion to stay were denied. Appellant claims that neither of these orders constituted a final appealable order, making the present appeal her only opportunity to seek appellate review of the trial court's decision. Therefore, she argues, if the present appeal is moot, she will be deprived of her opportunity for appellate review.
 {¶ 8} Appellant cites Cooper v. Cleveland Boat Club Ltd.Partnership, 8th Dist. No. 81995, 2003-Ohio-2874, at ¶ 16-17, for the proposition that an order denying a preliminary injunction is not a final appealable order. Under R.C. 2505.02(B)(4), an order granting or denying a provisional remedy is only a final order if both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 9} In Cooper, the appellant, who held an easement over the appellee's property, claimed that the appellee was exercising exclusive dominion and control over the servient property. Cooper at ¶ 5. The appellate court held that the appellants had not met the second prong of the statute in attempting to show that the order denying injunctive relief was a final appealable order because their only injury — lost business — could be adequately remedied with money damages. Id. at ¶ 18. Nor was the first prong satisfied, because the appellants' complaint was for a declaratory judgment but the trial court did not make any declaration of the parties' rights in the order denying the provisional remedy. Id. at ¶ 19.
 {¶ 10} An order may be a final appealable order even though the remedy that it grants or denies is only provisional. See State v. Muncie
(2001), 91 Ohio St.3d 440, 451. This Court has previously held that where a trial court compels the production of documents that constitute trade secrets, the order is a final appealable order. Gibson-Myers Assoc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, at *2. In that case, the Court stated:
 "On its face, R.C. 2505.02(A)(3) [defining provisional remedies] is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage." Id.
 {¶ 11} Likewise, in a dispute over construction and zoning, there is no meaningful ability to appeal the decision if a provisional remedy is denied because after construction begins, the damage has already been done; the land has been permanently altered. Furthermore, once construction is allowed to begin, a permanent injunction preventing construction is virtually useless. Our decisions in Poulson andSchuster, therefore, are not in conflict with the requirements of R.C. 2505.02.
{para 12} Appellant further notes that in both Poulson andSchuster, the appellants failed to move the trial court for an injunction or a stay; their motions were not denied by the trial court as in the present case. Nevertheless, even where the trial court denies the motion for an injunction or a stay and construction commences, the appeal is rendered moot. Redmon v. Columbus, 10th Dist. No. 05AP-466,2006-Ohio-2199, at ¶ 6; see, also, State ex rel. Wenger Corp. v. TheUniv. of Akron (July 8, 1976), 9th Dist. No. 8078, at *1. The test is whether the appellant has failed to obtain a stay of execution, not whether the appellant has failed to seek a stay. Schuster at ¶ 8; see, also, Frank Novak Sons, Inc., at *1, citing Wenger Corp., at *1.
{para 13} Our decisions in Poulson and Schuster, therefore, are applicable to this case. Because Appellant did not successfully obtain a stay of execution or injunctive relief prior to the commencement of construction, this case is moot, and we are without jurisdiction to decide it.
 III. {para 14} Because the issue raised in this case is moot, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
EDNA J. BOYLE
FOR THE COURT
SLABY, P. J.
MOORE, J.
CONCUR