DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellants Constance Louthan and Michelle Primm appeal the decision of the Summit County Court of Common Pleas, in which it granted the motion for summary judgment of Appellees the City of Akron (Akron) and the Metro Regional Transit Authority (Metro RTA), and denied Appellants' motion for summary judgment. We dismiss the appeal on the grounds that the issues it raises are moot.
 {¶ 2} Appellants' claims arise out of the conditional use permit granted to Metro by Akron to construct a "park and ride" commuter bus terminal, which would include a parking lot for 130 cars and a bus turnaround, at the corner Ghent and Sourek Roads. Originally, a small part of the land used for this project had belonged to Bath Township (Bath). However, in 1983, over twenty years before the bus terminal was constructed, the property that had originally been part of Bath was annexed to Akron. Summit County did not reflect this annexation in the drawing of the municipality lines, but the annexation was properly executed. When the issue of the park and ride arose, local residents, both in Bath and in Akron, objected, and voiced their objections at both the Akron City Council Planning Committee meetings and the general Akron City Council meetings. However, on April 23, 2005, the Akron City Council granted the conditional use permit, and construction began on the park and ride facility.
 {¶ 3} This appeal is related to an appeal filed by a group of residents from the area surrounding the park and ride, including Appellant Primm. See Neighbors for Responsible Land Use v. Akron, 9th Dist. No. 23191, 2006-Ohio-6966. That appeal questioned Akron's adherence to its own zoning codes in granting the conditional use permit. Given the fact that the park and ride had already been built when the appeal was filed, this court held that the issue was moot and dismissed the appeal. Id.
 {¶ 4} In this case, Appellants raise one assignment of error for our review:
 FIRST ASSIGNMENT OF ERROR "The trial court committed reversible error when it found that no real controversy existed between the parties sufficient to overcome the [Appellees'] motions to dismiss/motions for summary judgment."
 {¶ 5} The issue raised in this appeal is of a different nature than that in Neighbors for Responsible Land Use. Appellants in this case contend that Summit County's failure to conform the boundaries to reflect the 1983 annexation of part of Bath left the annexed territory in two jurisdictions, and did not give Akron the right or power to make unilateral zoning decisions affecting that territory. Instead, they argue, Bath should still have had input into the zoning of the property. They ask this court to decide that an annexation is incomplete until the boundaries are conformed by the county, and that therefore an annexing municipality does not have sole authority to decide zoning issues and to grant conditional use permits for the annexed territory. We decline to make such a ruling, and instead find that Appellants' arguments are without merit and their claims are moot.
 {¶ 6} Appellants' argument rests on the fact that Summit County had not conformed the boundary lines between Akron and Bath when Akron decided to grant the conditional use permit to Metro RTA, and the annexation was therefore not reflected. However, five days after Appellants filed their action in the trial court, Summit County Council voted to conform the boundary lines. The trial judge held that this change in circumstances made Appellants' claims moot, which was part of the court's reasoning in granting Appellees' motions for summary judgment. We agree.
 {¶ 7} The Supreme Court of Ohio has explained the issue of mootness as follows:
 "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence." Miner v. Witt (1910), 82 Ohio St. 238, 92 N.E. 21; followed by Frank Novak Sons, Inc. v. Avon Lake Bd. of Edn. (Dec. 5, 2001), 9th Dist. No. 01CA007835, at *1.
 {¶ 8} In this case, Appellants have posed a question to this court that no longer affects their situation, and there is no remedy that this court can grant short of what would amount to an advisory opinion, which this court will not issue. `"This court is loath to issue advisory opinions which do not serve to materially advance correct disposition of the matter on appeal.' We will not issue a decision which does not affect the case before us." Andonian v. A.C. S., Inc. (1994),97 Ohio App.3d 572, 575-76, 647 N.E.2d 190, quoting Joreski v. Teeple (1989),62 Ohio App.3d 712, 716, 577 N.E.2d 419. Summit County has already conformed the boundary lines of Bath and Akron. The question of the impact of nonconforming boundary lines upon the zoning authority of an annexing municipality is no longer an issue in this case, and any decision this court would make would not affect the parties involved in this appeal.
 {¶ 9} However, even if this court were inclined to make a decision regarding the lack of conforming boundary lines following annexation, it would be compelled to find that no issue exists. Basing their argument upon opinions from the Ohio Attorney General, Appellants claim that annexation that is not followed by the conforming of boundaries is incomplete, and leaves residents of the annexed territory in a sort of limbo between the districts. While it is true that the Attorney General's opinions cited by Appellants discuss the effect of nonconforming boundaries on the voting rights and taxation of the residents in the annexed territory, those opinions say nothing about zoning authority. Moreover, there are two statutes that stand in direct contradiction of Appellants' claims.
First, R.C. 503.07 provides, in pertinent part, as follows:
 "When the limits of a municipal corporation do not comprise the whole of the township in which it is situated, or if by change of the limits of such corporation include territory lying in more than one township, the legislative authority of such municipal corporation, by a vote of the majority of the members of such legislative authority, may petition the board of county commissioners for a change of township lines in order to make them identical, in whole or in part, with the limits of the municipal corporation[.]" (Emphasis added.)
 {¶ 10} The decision to petition the board of county commissioners to make the boundaries conform with the annexation is discretionary: the municipal corporation may petition for conformity of the boundaries. That Akron did not make such a petition in this case in no way invalidates the annexation, nor does it operate to make the annexation incomplete.
 {¶ 11} Second, R.C. 709.10 states that "[t]he annexation shall become effective thirty days after the passage of the resolution or ordinance by the legislative authority of the municipal corporation accepting annexation[.]" Contrary to the claims of Appellants, this annexation was complete upon acceptance by Akron, and the conforming of the boundary lines by Summit County was unnecessary.
 {¶ 12} Appellants' sole assignment of error is without merit, and we dismiss the appeal on the grounds that Appellants' claims are moot.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to ran. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
WHITMORE, J.
BAIRD, J.
CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)