[Cite as *Smetzer v. Catawba Island Twp. Bd. of Zoning Appeals*, 2018-Ohio-4238.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Richard Smetzer, et al.                      Court of Appeals No. OT-17-033

    Appellant                            Trial Court No. 2017 CV 015

v.

Catawba Island Township Board of
Zoning Appeals, et al.                       **DECISION AND JUDGMENT**

    Appellees                            Decided:  October 19, 2018

* * * * *

Jeffrey M. Stopar and Katrin E. McBroom, for appellant.

James VanEerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Chief Assistant Prosecuting Attorney, for
appellees Catawba Island Township Board of Zoning Appeals,
Board of Trustees, and Zoning Inspector.

David Watkins and Rebecca J. Mott, for appellee Ohio Shore
Development Limited.

* * * * *

**JENSEN, J.**

## I. Introduction

{¶ 1} Appellant, Richard Smetzer, appeals the judgment of the Ottawa County Court of Common Pleas, affirming the decision of the Catawba Island Township Board of Zoning Appeals, which in turn upheld the Zoning Inspector's issuance of a zoning certificate to Ohio Shore Development, Limited ("Ohio Shore").[1] Also before the court is a motion to dismiss filed by Ohio Shore.

### A. Facts and Procedural Background

{¶ 2} On October 13, 2016, Ohio Shore submitted an application for a zoning certificate to the Catawba Island Township Zoning Inspector, seeking to construct a Dollar General retail store at 3147 N. East Catawba Road, Port Clinton, Ohio. On October 21, 2016, the Zoning Inspector sent Ohio Shore a letter, informing Ohio Shore that its application had been approved subject to several conditions. The Zoning Inspector stated: "Once these conditions have been complied with, the actual zoning certificate will be issued and a building permit for the construction of the store may be applied for and obtained from Ottawa County."

{¶ 3} Following the Zoning Inspector's letter, appellant, along with another landowner who is not a party to this appeal, timely appealed the matter to the Catawba Island Township Board of Zoning Appeals. A hearing on the matter was held before the

---

[1] The appellees in this action include the Catawba Island Township Board of Zoning Appeals, the Zoning Inspector, the Catawba Island Board of Trustees, and Ohio Shore Development Limited.

Board of Zoning Appeals on December 13, 2016. At that hearing, appellant argued that the site plan that was attached to Ohio Shore's application failed to comply with several provisions of the Catawba Island Township Zoning Resolution ("Zoning Resolution"). In particular, appellant took issue with the proposed placement of a fence, a trash bin, and three parking spaces along the east side of the property. Appellant also asserted that the Zoning Inspector did not have the legal authority to place conditions on the zoning certificate.

{¶ 4} In a decision dated December 14, 2016, the Board of Zoning Appeals affirmed the Zoning Inspector's decision after finding that the Zoning Inspector appropriately approved Ohio Shore's application. The Board of Zoning Appeals found that appellant's arguments surrounding the fence and the trash bin were moot because these items were not within the scope of Ohio Shore's application and were therefore not yet approved by the Zoning Inspector. As to appellant's parking spaces argument, the Board of Zoning Appeals found that the three parking spaces at issue complied with the Zoning Resolution as they were located more than seven feet from the boundary line. Finally, the Board of Zoning Appeals found that the Zoning Resolution permits the issuance of zoning certificates subject to conditions, thereby rejecting appellant's argument to the contrary.

{¶ 5} On January 12, 2017, appellant timely appealed to the Ottawa County Court of Common Pleas, where he raised the same arguments that were argued before the Board of Zoning Appeals. A hearing on the matter was held on July 20, 2017. At the

3.

conclusion of the hearing, the trial court took the matter under advisement. Three months later, the trial court issued its decision, in which it stated:

> The Court has reviewed each of the proposed Assignments of Error set forth by Appellants and, upon review of the record in this matter, * * * the Court finds the decision of the Catawba Island Township Board of Zoning appeals is supported by a preponderance of substantial, reliable, and probative evidence and the Decision of [the Board of Zoning Appeals] is AFFIRMED.[2]

{¶ 6} On November 22, 2017, appellant filed a timely notice of appeal. Thereafter, on June 5, 2018, appellant filed a motion to stay in the trial court. The trial court denied the motion to stay on June 22, 2018. A similar motion was then filed with this court on June 28, 2018. We denied the motion to stay on August 9, 2018.

{¶ 7} On September 11, 2018, Ohio Shore filed a motion to dismiss the appeal as moot, as well as a motion to continue the September 20, 2018 oral argument date. On September 17, 2018, we issued our decision denying Ohio Shore's motion to continue, and indicated that we would address the merits of the motion to dismiss in our final decision. The following day, appellant filed his memorandum in opposition to Ohio Shore's motion to dismiss. Ohio Shore then filed its reply in support of its motion to dismiss on September 19, 2018.

---

[2] The court provided no additional analysis in its decision upholding the decision of the Board of Zoning Appeals.

## B. Assignments of Error

{¶ 8} On appeal, appellant assigns the following errors for our review:

First Assignment of Error: The Common Pleas Court and Board of Zoning Appeals erred by failing to address Smetzer's argument that three parking spaces on the Site Plan did not adequately provide for ingress and egress as required by Section 5(A)(1) of the Catawba Island Township Zoning Resolution.

Second Assignment of Error: The Common Pleas Court erred in upholding the Board of Zoning Appeals' decision that the Site Plan meets the parking requirements of the Catawba Island Township Zoning Resolution.

Third Assignment of Error: The Common Pleas Court erred in upholding the Board of Zoning Appeals' Decision that Smetzer's arguments that the proposed fence and dumpster depicted on the Site Plan were not properly before the Board of Zoning Appeals.

## II. Analysis

{¶ 9} In appellant's assignments of error, he argues that the trial court erred in upholding the decision of the Board of Zoning Appeals because the site plan did not meet the requirements of the Zoning Resolution. Before we can reach appellant's assignments of error, however, we must first address Ohio Shore's motion to dismiss.

{¶ 10} In the motion to dismiss, Ohio Shore argues that this appeal is moot because construction of the Dollar General retail store has already commenced. In general, courts will not resolve issues that are moot. *See Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910). In *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 566 N.E.2d 655 (1991), the Supreme Court of Ohio set forth the following definition of "moot":

> Ohio Courts have long exercised judicial restraint in cases which are not actual controversies. No actual controversy exists where a case has been rendered moot by an outside event. It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error. (Internal citations omitted.) *Id.* at 133.

{¶ 11} Courts across this state have examined the issue presented in Ohio Shore's motion to dismiss, namely whether an appeal from a decision allowing construction of a building to proceed becomes moot once construction is commenced. In such cases, courts have held, "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." *Schuster v. City of Avon Lake*, 9th Dist. No. 03CA008271, 2003-Ohio-6587, ¶ 8. *Accord Bd. of Commrs. of Montgomery Cty. v. Saunders*, 2d Dist. Montgomery No. 18592, 2001 Ohio App. LEXIS 4887 (Nov. 2, 2001) (finding that landowner's zoning appeal was moot where the board

6.

of commissioners completed construction of drainage tile and landowner's request for an injunction was denied by the trial court); *Osborne v. City of N. Canton*, 5th Dist. Stark No. 2016 CA 00175, 2017-Ohio-1116 (appeal was rendered moot once construction of a parking lot had been completed where appellant failed to obtain a stay of execution before the construction commenced); *Pinkney v. Southwick Investments, LLC*, 8th Dist. Cuyahoga Nos. 85074 and 85075, 2005-Ohio-4167 (residents failed to seek a stay to prevent development of nearby land, and construction was substantially complete by the time the case was heard, causing the appeal to be moot, in part); *Neighbors For Responsible Land Use v. City of Akron*, 9th Dist. Summit No. 23191, 2006-Ohio-6966 (finding that resident's appeal from ordinance approving a conditional land use application was moot where resident's motion to stay execution was denied and construction of bus shelter and parking lot had already been completed by the time the appeal was heard); *Nextel West Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. Franklin No. 03AP-625, 2004-Ohio-2943 (dismissing zoning appeal where telecommunications tower had already been constructed); *Redmon v. City Council of City of Columbus*, 10th Dist. Franklin No.05AP-466, 2006-Ohio-2199 (dismissing appeal arising from variance dispute where construction of a Wendy's restaurant had already occurred by the time the appeal was heard); *Walouke v. Mentor Bd. of Zoning Appeals*, 11th Dist. Lake No. 10-136, 1984 Ohio App. LEXIS 12133 (Dec. 28, 1984) (dismissal as moot of an appeal to the court of common pleas of a board of zoning appeals decision for failure to obtain a stay of execution pending appeal); *compare Roberts v. Put-In-Bay*

7.

*Planning Comm.*, 6th Dist. Ottawa No. 93OT040, 1994 Ohio App. LEXIS 3115 (July 15, 1994) (zoning appeal is not moot despite the completion of the construction where construction was completed after a zoning violation was issued and before the builder was granted a variance).

{¶ 12} In this case, Ohio Shore has presented evidence that construction of the Dollar General store at issue has commenced.  In an affidavit attached to Ohio Shore's motion to dismiss, the builder's Chief Operating Officer, Michael Major, states that a preexisting structure has been demolished at a cost of $22,800.  Additionally, Major indicates that additional work has been commenced on the site at a cost of $251,063 as of September 10, 2018.

{¶ 13} Appellant does not challenge the substance of Major's affidavit, which demonstrates that construction has commenced in this case.  Moreover, appellant has failed to obtain a stay of execution, having unsuccessfully sought such a stay both in the trial court and in this court.  Therefore, consistent with the above-referenced case law, we find that the present appeal is moot, and must be dismissed.

{¶ 14} Appellant argues that this case is distinguishable from the cases cited above because Ohio Shore commenced construction in violation of the Zoning Inspector's site plan approval letter, prompting the issuance of a stop work order.  While it is true that a stop work order was previously issued, affidavits attached to Ohio Shore's reply in support of its motion to dismiss cast significant doubt on appellant's contention that Ohio Shore's initial commencement of construction violated the Zoning Inspector's site plan

8.

approval letter.  Furthermore, the stop work order has since been lifted, and construction has recommenced.

{¶ 15} Upon due consideration, Ohio Shore's motion to dismiss is well-taken, and is hereby granted.  This appeal is dismissed as moot.

### III.  Conclusion

{¶ 16} For the foregoing reasons, this appeal is dismissed as moot.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.