JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Charles and Elizabeth Gajewski, appeal from a final judgment of the Cuyahoga County Court of Common Pleas, upholding the decision of the North Royalton Board of Zoning Appeals ("BZA"), granting a variance to defendants-appellees, Jean-Paul and Marti Lugli (the "Luglis") (the Luglis and the BZA will collectively be referred to as appellees). Because we find the appeal to be moot, we dismiss.
 {¶ 2} The Luglis applied to the BZA for a variance to allow them to build a new home on their existing lot. Their lot was considered a nonconforming lot under North Royalton Ordinance ("NRO") 1270.05, because it was less than 100 feet wide. In their original application, they had requested a variance to construct a new house behind their then-existing house, stating that they would tear down their old house after the new one was built.
 {¶ 3} The Gajewskis, who are the Luglis' neighbors, as well as several other neighbors, objected to the variance, claiming that the new house would "destroy the character of the neighborhood." The neighbors proposed that the Luglis expand and rehabilitate their existing home. They claimed that the home the Luglis wanted to build "was too big," would "sit way back in on our lots," and would affect the way the water flowed.
 {¶ 4} The BZA held public hearings on the matter on May 21 and June 25, 2007, at which the Luglis and several neighbors presented evidence. The BZA *Page 2 
approved the Luglis' application for a variance on July 23, 2007, permitting construction of a replacement residence, but subjected the approval to several conditions in order to address, at least in part, some of the neighbors' concerns. The BZA required the Luglis to raze their existing house before constructing the new one (and thus the house would not be built farther back than the neighbors' homes); required them to enter into a written contract with the builder, required them to conform to all "dimensions and setbacks" as set forth in their application; required them to keep their garage and house at a minimum overall height as approved by the Building and Engineering Departments, and required them to install downspouts to direct storm water flow from the property.
 {¶ 5} The BZA issued a permit to the Luglis on August 23, 2007 to raze their then-existing home, which they did shortly thereafter.
 {¶ 6} The Gajewskis appealed the BZA decision to the Cuyahoga County Court of Common Pleas claiming that the BZA erred when it granted the variance because the Luglis could not demonstrate that literal enforcement of the North Royalton Zoning Code would result in "practical difficulty," and that the BZA decision was arbitrary and did not conform with the objectives of the city's master plan. In late September 2007, the Gajewskis also moved for temporary and permanent injunctive relief to prohibit "any construction" going forward. *Page 3 
 {¶ 7} In an October 3, 2007 judgment entry, the trial court stated, "by agreement of parties, status quo to be maintained pending briefing on appeal of administrative appeal. Plaintiff to file by 10/9/07. Defendant to file by 10/16/07. Court to rule on transcript and proceedings." Thus, the Luglis' lot remained vacant during the pendency of the administrative appeal.
 {¶ 8} On February 5, 2008, the trial court upheld the BZA ruling in favor of the Luglis.
 {¶ 9} It is from this judgment that the Gajewskis appeal, raising two assignments of error for our review:
 {¶ 10} "[1.] The Common Pleas Court erred as a matter of law in affirming the Board of Zoning Appeals decision granting a variance to the Luglis because the Board failed to make the mandatory written findings of fact or consider and weigh the appropriate factors as required by law.
 {¶ 11} "[2.] The Common Pleas Court abused its discretion when it made a finding that there was a preponderance of reliable, probative and substantial evidence to support the decision of the Board of Zoning Appeals."
 {¶ 12} In their briefs to this court, the BZA and the Luglis claim that in response to the trial court upholding the BZA decision, the City of North Royalton issued the Luglis a permit to begin construction on February 7, 2008. They further assert that construction did in fact begin on February 14, 2008. *Page 4 
They maintain that since the Gajewskis never sought a stay to block the construction process pending appeal to this court, the Luglis were free to proceed in accordance with the BZA decision.
 {¶ 13} The Gajewskis do not mention anything about the Luglis beginning construction in their brief. In their reply brief, they argue that any statements about construction beginning is not in the record, and thus, this court is not permitted to consider it. They contend that because neither the BZA nor the Luglis attached an affidavit supporting their claim that construction has commenced, that these are "mere assertions by counsel," and should not be considered by this court. We disagree.
 {¶ 14} Normally, an appellate court can only consider what is in the record on appeal. When it comes to deciding whether an event has caused an issue to be moot, however, it may "be proved by extrinsic evidence outside the record." State ex rel. Cincinnati Enquirer, Div. of GannettSatellite Info. Network, Inc. v. Dupuis, 98 Ohio St.3d 126,2002-Ohio-7041, _8.
 {¶ 15} The Gajewskis further argue that appellees' claim that they did not seek an injunction is false, and they reference the trial court's October 3, 2007 judgment, which ordered, "by agreement of counsel status quo to be maintained." The Gajewskis contend that "[t]he construction which has commenced in this matter is the fault of the defendants, who commenced construction while *Page 5 
Appellants were under the belief that there was an agreement to maintain the status quo" and that it "is bad faith for Appellees to now use the construction to claim mootness[.]"
 {¶ 16} The record reveals that on February 5, 2008, the trial court affirmed the decision of the BZA. The trial court's decision was a final appealable order. At that point, any agreement between the parties "to maintain status quo" ended. The case was over at the common pleas court. The Luglis were free to obtain a permit from the BZA and begin constructing their new home.
 {¶ 17} In order to prevent construction from proceeding after the administrative appeal had ended, the Gajewskis needed to file a motion for a stay under App. R. 7. The Gajewskis did not file a stay of execution of the trial court's order pending appeal to this court.
 {¶ 18} It is well established that in cases involving construction, if a party fails to obtain a stay of execution before construction commences, the case is moot. See Pinkney v. Southwick Investments,LLC, 8th Dist. Nos. 85074 and 85075, 2005-Ohio-4167 (residents sought to prevent land development for certain use; trial court found there were no restrictions on the use of the land; residents appealed, but did not seek a stay; construction was substantially complete by the time the case was heard; appeal moot); Neighbors for Responsible Land Use v.Akron, 9th Dist. No. 23191, 2006-Ohio-6966 (Akron approved the building of bus *Page 6 
terminal; neighbor appealed, but did not seek stay; appeal moot because construction completed); Walouke v. Mentor Bd. of Bldg. and ZoningAppeals (Dec. 28, 1984), 11th Dist. No. 10-136 (neighbors objected to landowner building a garage; zoning board granted variance, neighbors appealed, but did not request a stay; garage was built during pendency of appeal; moot); Bd. of Commrs. of Montgomery Cty. v. Saunders (Nov. 2, 2001), 2d Dist. No. 18592 (board sought and obtained easements on landowner's property to construct drainage improvement; landowner sought to enjoin the project, which trial court denied; landowner did seek a stay of the denial pending appeal; appeal moot).
 {¶ 19} In Miner v. Witt (1910), 82 Ohio St. 237, the Ohio Supreme Court addressed the issue of when a matter becomes moot:
 {¶ 20} "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not *Page 7 
appearing on the record, may be proved by extrinsic evidence." Id. at 238, quoting Mills v. Green (1895), 159 U.S. 651, 653.
 {¶ 21} The record is clear that the Gajewskis never sought a stay of execution of the trial court's judgment affirming the BZA decision. And although their counsel would not admit at oral argument that construction had begun (or had been completed), they did admit that construction had begun in February 2008 in their reply brief to this court. Thus, this appeal is moot.
 {¶ 22} The mootness doctrine contains two recognized exceptions. First, a case is not moot if the issues are capable of repetition, yet evading review. In re Suspension of Huffer (1989), 47 Ohio St.3d 12. Second, a court may address a moot issue if the case involves a matter of great public or general interest. Id. We do not find that either of the exceptions to the mootness doctrine apply to the issues in this case.
 {¶ 23} Accordingly, this appeal is dismissed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1