[Cite as *Ardire v. Westlake City Council*, 2013-Ohio-3533.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99347**

## MARK ARDIRE, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CITY OF WESTLAKE
## CITY COUNCIL, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-759816

**BEFORE:**   Stewart, A.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 15, 2013

**ATTORNEY FOR APPELLANTS**

Gerald W. Phillips
Phillips & Co., L.P.A.
P.O. Box 269
Avon Lake, OH    44012


**ATTORNEYS FOR APPELLEES**

John D. Wheeler
Director of Law

BY:    Robin R. Leasure
Assistant Director of Law
City of Westlake
27700 Hilliard Boulevard
Westlake, OH    44145

MELODY J. STEWART, A.J.:

{¶1} Appellants Mark and Colby Ardire filed this administrative appeal against the city of Westlake after the city adopted a development plan for a new middle school that did not make specific proposals for dealing with traffic, noise abatement, and landscaping for a proposed driveway to be located adjacent to their property. The Ardires did not file their assignments of error within 20 days of the record being filed, so the city asked the court to dismiss the appeal. The court granted the Ardires an additional 14 days to file their assignments of error, but stated its "intent to dismiss for want of prosecution" and notified the Ardires that a failure to file their assignments of error "may result in the dismissal of the appeal" within the time ordered. When the deadline for filing their assigned errors arrived, the Ardires sought an extension of time and also objected to the composition of the transcript of proceedings, claiming that the city provided an incomplete record. The city filed a second motion to dismiss, arguing that the Ardires had yet to file their assignments of error. The Ardires did not respond to this motion nor did the court rule on the motion for an extension of time or the objection to the record. Eight months later, the court granted as "unopposed" the motion to dismiss on grounds that the Ardires had yet to comply with the order to file assignments of error.

I

{¶2} The first issue we consider is whether this appeal has been rendered moot by the completion of the driveway. The Ardires did not ask the court to stay construction of

the driveway after it dismissed their appeal, and the city now maintains that the driveway has been "substantially constructed." The Ardires maintain that the city has yet to install mandatory buffering, landscaping, and drainage along the property, so construction is not complete.

{¶3} The mootness doctrine has its roots in the idea that courts decide actual controversies, not abstract propositions. If events transpire post-judgment that make it impossible for an appellate court to grant any effectual relief, the appellate court has nothing to decide and the appeal is rendered moot. *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus. Our desire to avoid issuing decisions on abstract propositions is so strong that mootness questions are one of the rare times when the parties are allowed to supplement the record on appeal, but only for the purpose of establishing whether an issue is moot. *See, e.g.*, *Gajewski v. Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 91101, 2008-Ohio-5270, ¶ 20.

{¶4} In construction cases, the courts have held that "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." *Schuster v. Avon Lake*, 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 8. Both sides have supplemented the record on appeal with photographs to document their respective positions on whether the project is complete: the city submitted photographs to show that, as of March 2013, the driveway at the center of the controversy has been

substantially completed; the Ardires submitted photographs to show that neither buffering for noise abatement nor drainage had been installed.

{¶5} As we understand them, the Ardires' objections to the middle school plan were not based on the driveway itself, but to plans adopted by the city that did not comport with city ordinances requiring the plan to account for traffic flow, landscape buffering to abate noise from vehicles using that driveway, and flooding issues caused by the removal of trees during construction of the driveway. The substantial completion of the driveway is enough for us to find that this appeal is moot as to the construction of the driveway itself, *Pinkney v. Southwick Investments, LLC*, 8th Dist. Cuyahoga Nos. 85074 and 85075, 2005-Ohio-4167, ¶ 13, but the issues the Ardires raise in this appeal are separate and distinct from the construction of the driveway. The supplemental evidence they offered suggests that the landscaping and water control measures are not complete, so they are not moot.

## II

{¶6} The Ardires raises a total of 11, overlapping assignments of error. The substance of these assigned errors flow from the premise that the court denied them the opportunity to present their evidence before the city council. From this premise they argue that (1) their inability to offer evidence meant that the record was incomplete; (2) with an incomplete record before it, the court was required to hold an evidentiary hearing; and (3) until a complete record was before the court, they were under no obligation to file assignments of error, so the decision to dismiss their appeal was premature.

A

**{¶7}** Once the complete transcript of an administrative proceeding is filed with the clerk of the court, the appellant has 20 days to file assignments of error and a brief. Loc.R. 28(A) of the Court of Common Pleas of Cuyahoga County, General Division. The court has discretion under the rules to "extend or shorten the time within which assignments of error or briefs shall be filed." Loc.R. 28(D). The failure to file a brief in an administrative appeal is a procedural default tantamount to a want of prosecution. *See Davis v. Cleveland*, 8th Dist. Cuyahoga No. 92336, 2009-Ohio-4717, ¶ 12. As with dismissals for want of prosecution under Civ.R. 41(B)(1), the court sitting in its appellate capacity in an administrative appeal must give notice of its intent to dismiss for failure to file a brief. *Id.* at ¶ 20.

**{¶8}** The city filed the record on October 24, 2011, but the Ardires did not file assignments of error within 20 days as required by Loc.R. 28(A). The city made its first motion to dismiss the appeal on February 13, 2012. Even though the Ardires did not oppose this motion to dismiss the appeal, the court granted them an additional 14 days under Loc.R. 28(D), or until March 20, 2012, to file their assignments of error or risk dismissal. When that deadline arrived, the Ardires filed motions objecting to the record and seeking an extension of time. Their objections to the record on appeal were that the city failed to file a "verbatim" record of the proceedings and that the city council failed to file any conclusions of fact. They thus requested an evidentiary hearing to present additional evidence and cross-examine witnesses. They also sought an order extending

the time in which to file their assignments of error until after a complete record could be compiled.

{¶9} The city objected to the Ardires' assertions that the record was incomplete. It noted that the proceedings before the city council had been recorded on video and that a DVD containing that video was in the record. It also noted that the Ardires did not offer any evidence to the city council nor did they insist on the right to cross-examine any other person who appeared at the council meeting. The city also filed a motion asking the court to dismiss the appeal for failure to file a brief as earlier ordered by the court.

{¶10} The Ardires did not respond to the city's motion to dismiss the appeal nor did they file assignments of error in support of their appeal. Eight months later, the court granted the motion to dismiss the appeal as "unopposed."

{¶11} There is no question that the Ardires did not file assignments of error within 20 days of the record having been filed. The court granted the Ardires an extension of time to file their assignments of error, warning them that their failure to do so might result in dismissal. *See Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986). On this basis alone, we can find that the court's decision to dismiss the Ardires' appeal after they failed to file a brief was consistent with our decision in *Davis*.

{¶12} In addition, we find no basis for concluding that the Ardires' objections to the record tolled the time in which to file their assignments of error. The record had been on file for five months before the Ardires objected to it. What is more, that objection only came after the court granted them an extension of time in which to file the

assignments of error. Tellingly, the court granted the extension on its own initiative because the Ardires did not seek any extension of time to file those assignments of error — they failed to respond at all to the city's first motion to dismiss the administrative appeal.

B

{¶13} We also find no basis for the Ardires' argument that the "incomplete" nature of the record excused them from filing assignments of error. The record transmitted to the court was complete in all respects.

{¶14} The subject of the Ardires' complaint about the completeness of the transcript centers on a June 16, 2011 city council meeting at which council approved the middle school development plan. They maintain that the transcript on appeal does not contain an accurate recitation of the more than five minutes of remarks their attorney made at the meeting of the city council. The record of the council meeting, prepared by the clerk of the city council, summarized the attorney's remarks as follows:

> Mr. Gerald Phillips * * *, attorney representing a Bassett Road property owner, enumerated various concerns regarding the middle school development plans that his client wanted to be addressed, including buffering, tree preservation plans, storm water drainage, traffic issues, illumination plan and compliance with Westlake code sections.

{¶15} The Ardires claim that the clerk's summary of their attorney's presentation failed to capture the entirety of his remarks and that they should have been allowed to supplement the record with their verbatim presentation.

{¶16} The flaw with the Ardires' argument is that they equate the requirement of a complete "transcript" as being the same thing as a written transcription of testimony. R.C. 2506.02 governs the nature of the record for purposes of an administrative appeal and defines a "complete" transcript as the "original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision." This is in contrast to App.R. 9(B)(6), which requires a *written* transcript of all proceedings of record, regardless of whether they were recorded by stenography, audio recording device, or video recording device.

{¶17} The video recording of the city council meeting was an original document that captured the proceedings, including the presentation by the Ardires, and thus constituted part of the original papers for purposes of the record. *Jankowski v. Streetsboro*, 11th Dist. Portage No. 1573, 1986 Ohio App. LEXIS 5502 (Jan. 31, 1986). Although the video could have been transcribed and included in the record, it was not a necessary condition for completing the record on appeal. Indeed, the Ardires make no argument that they were in any way inhibited in their ability to prosecute the administrative appeal simply because the city council meeting was recorded on video as opposed to being transcribed.

{¶18} In addition, the Ardires make no argument that the video included in the record transmitted to the court was not "authentic, accurate, and trustworthy." *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 109, citing *State v. Rogan*, 94 Ohio App.3d 140, 148, 640 N.E.2d 535 (2d Dist.1994). We have held that the

transcript from an administrative agency need only contain the "gist of the arguments and comments at the hearing in question" and only substantial omissions or gaps in the transcript will warrant hearing additional evidence. *Ardire v. Westlake Planning Comm.*, 8th Dist. Cuyahoga No. 61636, 1993 Ohio App. LEXIS 620 (Feb. 4, 1993), citing *Franklin Twp. v. Marble Cliff*, 4 Ohio App.3d 213, 447 N.E.2d 765 (10th Dist.1982).

{¶19} Because the video recording is a verbatim memorialization of what transpired at the city council meeting, we reject the Ardires' argument that the court should have conducted an evidentiary hearing under R.C. 2506.03. That section states that the court hearing an appeal from an administrative decision is confined to the transcript filed with the court unless the transcript does not contain a report of all the evidence admitted at the hearing. As previously noted, the Ardires' objections were based on the clerk of council's summary of the meeting. That summary, read in conjunction with the video recording of the city council meeting, was a proper record for purposes of R.C. 2506.02.

C

{¶20} R.C. 2506.03 also allows the court to hear additional evidence if the appellant or the appellant's attorney was not allowed to appear in opposition to the order being appealed and allowed to, among other things, present the appellant's position, arguments, and contentions, along with any evidence, cross-examination, and proffers of evidence. The Ardires argue that the court erred by failing to hear additional evidence because they were prohibited from offering evidence before the city council.

{¶21} The record does show that the city council limited the time allowed to the Ardires' attorney when addressing the council, as it did with all others who appeared. Although each person addressing the city council was limited to five minutes, the president of the city council did allow the Ardires' attorney additional time to speak because it was thought that the attorney was addressing mutual concerns held by residents affected by the middle school construction. The attorney may not have been allowed as much time as he desired to present his clients' case, but at no point did the Ardires seek to supplement his presentation to the city council.

{¶22} The Ardires had no evidence of any kind to offer nor did they make any request to cross-examine witnesses. Theirs was not a case against the middle school development plan, but a position statement that the city council not adopt the middle school development plan without first ensuring compliance with relevant city code sections relating to traffic, landscape buffering, lighting, and water retention. Viewed in this manner, the Ardires' arguments were prospective in nature and it is difficult to see what evidence, if any, they could have offered beyond the citations they made to relevant city code provisions during their presentation.

{¶23} For these same reasons, we reject the Ardires' arguments that the record was incomplete because the city council failed to comply with the R.C. 2506.03(A)(5) requirement that the administrative body "file with the transcript conclusions of fact supporting the final order, adjudication, or decision." The city council was not sitting as factfinder nor was the Ardires' presentation one that required any resolution of competing

"facts." The Ardires requested nothing more than that the plans adopted by the city comply with relevant building codes.

**{¶24}** In conclusion, the court had no need to hear additional evidence to supplement the record because the record provided by the city was complete in all respects. That being the case, the Ardires' objection to the composition of the record lacked merit and did not excuse them from filing their assignments of error in a timely manner. The court did not err by dismissing the appeal for want of prosecution. The assignments of error are overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellees recover of appellants their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., CONCURS;

EILEEN A. GALLAGHER, J., DISSENTS WITH
SEPARATE OPINION

EILEEN A. GALLAGHER, J., DISSENTING:

{¶26} I find that this case is improperly before this court and should be dismissed.

{¶27} The trial court dismissed this case pursuant to Civ.R. 41(A)(1)(a), and the case, therefore, was subject to refiling within the appropriate statute of limitations.

{¶28} Further, I find that there were no reasonable grounds for the appeal and would order that appellees recover from appellants costs taxed herein as well as attorney fees.