[Cite as *Heaney v. Crystal Clinic Orthopaedic Ctr., L.L.C.*, 2020-Ohio-894.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| RYAN HEANEY, et al. | C.A. No.    29579 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CRYSTAL CLINIC ORTHOPAEDIC CENTER, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.    CV-2019-04-1247 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: March 11, 2020

CALLAHAN, Presiding Judge.

**{¶1}** Appellants, Ryan and Ashley Heaney, Dale and Carol Becker, and Mohamed and Mouna Katirji ("the Property Owners") appeal a judgment that dismissed their claims against Crystal Clinic Orthopaedic Center and CC Embassy LLC ("Crystal Clinic"). This Court dismisses the appeal as moot.

I.

**{¶2}** Crystal Clinic planned construction of a facility on Embassy Parkway in Fairlawn. The Property Owners are residents of two nearby subdivisions whose property abuts the construction site. They filed a complaint against Crystal Clinic seeking the enforcement of setback and height restrictions through declaratory judgment and injunctive relief. The Property Owners requested a temporary restraining order halting the construction while the case was pending, but the trial court denied the motion. Crystal Clinic moved to dismiss the complaint for failure to join necessary parties and to dismiss Count Two of the complaint, which addressed the

height restrictions, for lack of standing. In a separate motion, Crystal Clinic also moved to dismiss the entire complaint as moot, arguing that construction at the site had commenced. While these matters were pending before the trial court, Crystal Clinic also supplemented its motion to dismiss for mootness with periodic updates regarding the progress of construction.

{¶3} The case proceeded to a hearing on a preliminary injunction before a magistrate, who also took Crystal Clinic's two motions to dismiss under advisement. The magistrate's decision denied the preliminary injunction, but also denied Crystal Clinic's motions to dismiss for failure to join necessary parties and for mootness. The magistrate did not specifically address Crystal Clinic's argument regarding standing. Crystal Clinic objected to the magistrate's decision, but the Property Owners did not do so.

{¶4} The trial court upheld the magistrate's decision to deny the preliminary injunction and specifically upheld certain of the magistrate's findings, but rejected the magistrate's decision with respect to Crystal Clinic's motions to dismiss. The trial court dismissed Count One of the complaint for failure to join necessary parties and dismissed Count Two of the complaint based on the conclusion that the Property Owners lacked standing, thus dismissing the complaint in its entirety. Although these decisions fully resolved the claims at issue, the trial court also rejected the magistrate's conclusion with respect to Crystal Clinic's motion to dismiss the claims as moot, concluding that because construction had commenced, the complaint should also be dismissed for that reason.

{¶5} The Property owners filed this appeal. They did not, however, pursue an injunction pending disposition of the appeal under App.R. 7(A). While the appeal has been pending, Crystal Clinic filed a series of affidavits with this Court that document the progress of construction.

II.

{¶6} The mootness doctrine prevents courts from deciding cases in which no controversy remains. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37. Consequently, this Court can only "decide actual controversies by a judgment which can be carried into effect" and cannot "give opinions upon moot questions or abstract propositions, or * * * declare principles or rules of law which cannot affect the matter in issue in the case before it." *Miner v. Witt*, 82 Ohio St. 237, 238 (1910), quoting *Mills v. Green*, 159 U.S. 651, 633 (1895). This Court must dismiss an appeal as moot when it is impossible for us to grant meaningful relief to the appellant. *See Miner* at syllabus. For purposes of determining whether an appeal is moot, this determination focuses on the relief that the appellant seeks from the Court and whether the subject matter of the case remains subject to the Court's control. *See, e.g., Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011-Ohio-3277, ¶ 22-29.

{¶7} In the context of construction disputes, this Court has observed that once construction begins, meaningful relief is unavailable because "the damage has already been done [and] the land has been permanently altered." *Neighbors for Responsible Land Use v. Akron*, 9th Dist. Summit No. 23191, 2006-Ohio-6966, ¶ 11. This Court has therefore held that when construction commences because an appellant failed to seek a stay of execution or an injunction pending appeal, the appeal is moot. *See id.* at ¶ 12-13; *Poulson v. Wooster City Planning Comm.*, 9th Dist. Wayne No. 04CA0077, 2005-Ohio-2976, ¶ 7; *Schuster v. City of Avon Lake*, 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 8; *Frank Novak & Sons, Inc. v. Avon Lake Bd. of Edn.*, 9th Dist. Lorain No. 01CA007835, 2001 WL 1545505, *2 (Dec. 5, 2001). Other courts have reached the same conclusion. *Smetzer v. Catawba Island Twp. Bd. of Zoning Appeals*, 6th Dist. Ottawa No. OT-17-033, 2018-Ohio-4238, ¶ 11 (summarizing decisions).

{¶8} The Property Owners' complaint challenged the construction of Crystal Clinic's facility on its adjacent property, arguing that the construction violated various restrictive covenants. It is apparent from the record that construction commenced after the trial court denied the temporary restraining order. The progress of construction has continued since the trial court's judgment dismissing the complaint, as evidenced by two affidavits filed with this Court while the appeal was pending. *See Miner*, 82 Ohio St. 237 at 239 (explaining that mootness may be demonstrated by extrinsic evidence on appeal). Nonetheless, the Property Owners did not request an injunction pending appeal that may have halted the further progress of construction. *See Neighbors for Responsible Land Use* at ¶ 13. *See generally* App.R. 7(A) ("A motion for * * * an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal may be made to the court of appeals[.]"); *Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.*, 80 Ohio App.3d 758, 761 (2d Dist.1992).

{¶9} Because the Property Owners did not seek an injunction pending appeal to halt construction, as permitted by App.R. 7(A), this Court concludes that the appeal is moot. *See Neighbors for Responsible Land Use* at ¶ 12-13; *Poulson* at ¶ 7; *Schuster* at ¶ 8. Consequently, the appeal must be dismissed. *See Miner* at syllabus.

III.

{¶10} The Property Owners' appeal from the judgment of the Summit County Court of Common Pleas is moot, and the appeal is dismissed.

Appeal dismissed.

———

There were reasonable grounds for this appeal.

5

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

 

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

WARNER MENDENHALL and LOGAN TROMBLEY, Attorneys at Law, for Appellants.

CHRISTOPHER F. SWING, Attorney at Law, for Appellees.

DAVID SPORAR, Attorney at Law, for Appellees.