[Cite as *Meyerson v. Fairlawn*, 2022-Ohio-2255.]

STATE OF OHIO      )
                       )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINE JUDICIAL DISTRICT

| | |
|---|---|
| ADAM MEYERSON, et al. | C.A. Nos. 29603 |
| | 29788 |
| Appellants/Cross-Appellees | 29794 |
| | 29797 |
| v. | |
| CITY OF FAIRLAWN, et al. | |
| | APPEAL FROM JUDGMENTS |
| Appellees/Cross-Appellants | ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| | CASE Nos. CV-2019-03-1139 |
| | CV-2019-06-2013 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

HENSAL, Presiding Judge.

**{¶1}** Adam Meyerson, Cynthia Johnson-Meyerson, Eric Brown, and Constance Leigh Brown, Trustee, (collectively the "Meyersons") appeal orders of the Summit County Court of Common Pleas that dismissed their administrative appeals of two decisions of the City of Fairlawn Planning Commission. The City and the Crystal Clinic Orthopaedic Center have cross appealed. For the following reasons, this Court affirms.

I.

**{¶2}** The Clinic owns property in Fairlawn and wanted to build an orthopedic hospital building on it. Because hospitals are a conditionally permitted use within the area of the city where the property is located, the Clinic applied for a conditional use permit. At the same time, it sought approval of its preliminary site plan and requested a building height exception. The planning

commission approved all the requests over the objection of the Meyersons and other residents who live near the property. The Meyersons appealed the approval of the conditional use permit and building height exception to the common pleas court, and the court reversed, concluding that the planning commission did not properly consider whether the proposed height of the hospital would be compatible with surrounding uses. It, therefore, remanded the matter to the planning commission.

{¶3} After the remand, the planning commission granted another conditional use permit and building height exception to the Clinic. Meanwhile, the planning commission also approved a final site plan for the hospital. The Meyersons appealed both of those decisions. They did not, however, obtain a stay of either decision, so the Clinic began construction of the hospital. After construction began, the common pleas court determined that the appeal of the final site plan was moot. It determined that the commencement of construction did not moot the appeal of the conditional use permit, but upon review of the Meyersons' argument, upheld the planning commission's decision. The Meyersons have appealed the denial of both of their administrative appeals. Case number 29603 concerns the final site plan and case number 29788 concerns the conditional use permit and building height exception. The City and the Clinic have cross-appealed the common pleas court's determination that the administrative appeal of the conditional use permit was not moot. We will combine our consideration of the cross-appeals to the extent that the issues they raise overlap.

II.

ASSIGNMENT OF ERROR IN CASE NUMBER 29603

THE COMMON PLEAS COURT ERRED BY DISMISSING AS MOOT APPELLANTS' R.C. CH. 2506 ADMINISTRATIVE APPEAL OF THE CITY OF FAIRLAWN ("CITY") PLANNING COMMISSION'S ("COMMISSION'S") MARCH 14, 2019[,] APPROVAL OF APPELLEE CRYSTAL CLINIC

ORTHOPAEDIC CENTER'S ("CRYSTAL") FINAL SITE PLAN ("FSP") FOR A MASSIVE 60-FOOT HIGH BUILDING CRYSTAL PROPOSES TO BUILD NEXT TO OR NEAR APPELLANTS' SINGLE-FAMILY HOMES BASED SOLELY ON CRYSTAL'S COMMENCEMENT OF CONSTRUCTION EVEN THOUGH NUMEROUS ELEMENTS OF THE FSP CHALLENGED BY APPELLANTS HAVE NOT BEEN COMPLETED.

{¶4} The Meyersons argue that the common pleas court incorrectly concluded that their administrative appeal of the approval of the final site plan was moot because construction of the hospital had begun. Because the issue of mootness is a question of law, we review the common pleas court's decision de novo. *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 6.

{¶5} This Court has held that, if "an appeal involves the construction of a building * * * and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." *Poulson v. Wooster City Planning Comm.*, 9th Dist. Wayne No. 04CA0077, 2005-Ohio-2976, ¶ 7, quoting *Schuster v. City of Avon Lake*, 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 8. That is the situation in this case. The Meyersons did not obtain a stay of the common pleas court's decision and, according to affidavits contained in the record, construction of the building is complete. We, therefore, conclude that the appeal of the final site plan is moot.

{¶6} The Meyersons argue that the mootness doctrine should not apply in this instance because mootness cannot be caused by one of the parties to the dispute, citing *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. In *Miner*, the Ohio Supreme Court held that "when, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Id*. The Meyersons also cite *Mills v. Green*, 159 U.S. 651 (1895), in which the United States Supreme Court explained that, if a builder persists in building a house even though it has received notice of

a filing for injunction to restrain the building, the court is not deprived of the authority to address the rights of the parties at the time of the commencement of the suit and "to compel the defendant to undo what he has wrongfully done since that time, or to answer in damages." *Id*. at 654. In this situation, however, the Clinic received approval of the planning commission on its final site plan and obtained a conditional use permit. It was legally permitted to begin construction. Although the Meyersons appealed the planning commission's decisions, they did not seek to stay the approvals that the Clinic received. Accordingly, we cannot say that the Clinic was at "fault" or acted "wrongfully" when it commenced construction of the hospital. In addition, although it was the Clinic that requested the conditional use permit and final site plan, the decisions that the Meyersons challenged on appeal to the common pleas court were by the planning commission. The Clinic was the beneficiary of the planning commission's decisions and had an interest in the outcome of the administrative appeal, but its actions were not the subject of the appeal. The instant appeal is another step removed of any actions by the Clinic and is of the common pleas court's dismissal of the Meyersons' administrative appeal. This Court has no authority to order the Clinic to undo what it has done or pay damages to the Meyersons. R.C. 2505.39.

{¶7} The Meyersons next argue that their entire appeal is not moot because, although construction commenced, not all the elements they challenged have been completed and can still be remedied. They also argue, citing *Chafin v. Chafin*, 568 U.S. 165 (2013), that if even a partial remedy is available, the dispute is not moot. As previously noted, however, construction of the hospital has finished.

{¶8} The Meyersons further argue that they have not only challenged the approval of the final site plan but also the use of the hospital. Case number 29603, however, only concerns the planning commission's approval of the final site plan. Finally, the Meyersons argue that

construction of the building does not preclude judicial review of improvements to the land. The Meyersons did not make this argument to the common pleas court. To the contrary, they argued to the common pleas court that the case was not moot even though work such as tree clearing and excavation had commenced on the property because they were not contesting any changes to the land. Upon review of the record, we conclude that the Meyersons have not established that an exception to the mootness doctrine applies. Their assignment of error in case number 29603 is overruled.

CLINIC'S FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING CCOC'S MOTION TO DISMISS THE UNDERLYING ADMINISTRATIVE APPEAL DUE TO MOOTNESS WHERE THE ISSUE OF MOOTNESS WAS SUBJECT TO COLLATERAL ESTOPPEL.

CITY'S SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE DOCTRINE OF COLLATERAL ESTOPPEL IN DECIDING WHETHER TO DISMISS THE UNDERLYING ADMINISTRATIVE APPEAL AS MOOT.

{¶9} The Clinic and City argue in their cross-appeals that the common pleas court should have dismissed the administrative appeal of the conditional use permit as moot after it determined that the administrative appeal of the final site plan was moot. They argue that, under the doctrine of issue preclusion, an issue that was decided during a previous action may not be questioned again in a subsequent action between the same parties. According to the City and Clinic, the two cases involved the same parties, the parties had a full and fair opportunity to litigate the mootness issue in the first administrative appeal, the issue of mootness had been decided by the time the common pleas court decided the appeal of the conditional use permit, and the issue of mootness was identical in both administrative appeals. *See State v. Williams*, 76 Ohio St.3d 290, 294 (1996) ("The doctrine of collateral estoppel, or, more correctly, issue preclusion, precludes further action

on an identical issue that has been actually litigated and determined by a valid and final judgment as part of a prior action among the same parties or those in privity with those parties.").

{¶10} We do not agree that the two administrative appeals presented an identical issue. This Court has recognized that an administrative appeal that seeks to prevent the construction of a building is different in nature than an administrative appeal that seeks to prevent the proposed use of the building. *Highland Square Mgt., Inc. v. Akron*, 9th Dist. Summit Nos. 27211, 27372, 2015-Ohio-401, ¶ 7. It has also held that a challenge "to the manner in which the structure will be used" is not moot "merely because the structure has been built." *Id*.

{¶11} The administrative appeal of the final site plan concerned the City's determination that the construction plan complied with the requirements for setbacks, lights, parking, landscaping, screening, open space, and stormwater management. It also involved whether the building presented any health and safety concerns, whether it was accessible, whether the value of adjacent properties would be protected, whether traffic would be adversely affected, whether it was aesthetically attractive, and whether its height was similar to other nearby buildings. The administrative appeal of the conditional use permit, however, concerned, among other things, whether the proposed use of the property was harmonious with the character of the general vicinity, whether a hospital would endanger the public health, safety, or general welfare, whether the hospital would impede the development of the surrounding property, and whether it would be negatively affected by the development of surrounding uses.

{¶12} Although there may be some similarities or overlap in the factors that the planning commission had to consider in determining whether to approve the final site plan and whether to issue a conditional use permit, we conclude that the two processes are different enough that the common pleas court's determination that the administrative appeal of the final site plan was moot

did not preclude the Meyersons' administrative appeal of the conditional use permit. The Clinic's first assignment of error and the City's second assignment of error are overruled.

CLINIC'S SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING CCOC'S MOTION TO DISMISS THE UNDERLYING ADMINISTRATIVE APPEAL DUE TO MOOTNESS BASED ON THE FINDING THAT THERE WAS NOT YET AN ORDER FROM THE TRIAL COURT ALLOWING CONSTRUCTION OF CCOC'S SPECIALITY ORTHOPAEDIC HOSPITAL.

{¶13} The Clinic next argues that the common pleas court incorrectly denied its motion to dismiss the administrative appeal of the conditional use permit as moot because no court had entered a final order that resolved the issues underlying the appeal. It appears that the Clinic believes that the common pleas court would not dismiss the administrative appeal of the conditional use permit on the basis of mootness because there had only been a decision by the planning commission and not a prior decision of the common pleas court. According to the Clinic, the doctrine of mootness can apply to appeals of administrative decisions. *See Poulson*, 2005-Ohio-2976, at ¶ 2 (explaining that common pleas court dismissed administrative appeal after construction approved by planning commission was completed).

{¶14} In considering the Clinic's motion to dismiss, the common pleas court wrote that a case is moot if the issues presented are no longer live, if the parties lack an interest in the outcome, or if an event occurs that renders it impossible to grant the requested relief. It then quoted part of the Fourth District Court of Appeals' decision in *Coates Run Property LL, LLC v. City of Athens Board of Zoning Appeals*, 4th Dist. Athens No. 15CA5, 2015-Ohio-4732. It highlighted a sentence from the decision that indicated that an appeal is moot if an appellant has failed to obtain a stay of a trial court's order and construction has commenced. The court then wrote that there was no final order of the common pleas court resolving the issues underlying the appeal and allowing

construction. It went on to find that the issues remained a live controversy and were not moot just because construction of the hospital commenced.

{¶15} The common pleas court's statement that there had been no final order of that court that resolved the issues involving the conditional use permit and allowing the construction of the hospital was not inaccurate. Contrary to the Clinic's assertion, we cannot say that the common pleas court rejected the Clinic's argument that an appeal is moot if construction has begun after an administrative body has approved it. The decision is silent as to that issue. The court instead determined that, in that appeal, the issues related to the conditional use permit were still live even though construction of the hospital had begun. Thus, it concluded that the administrative appeal was not moot. Upon review of the record, we conclude that the Clinic has failed to establish error by the common pleas court. The Clinic's second assignment of error is overruled.

CLINIC'S THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING CCOC'S MOTION TO DISMISS THE UNDERLYING ADMINISTRATIVE APPEAL DUE TO MOOTNESS BASED ON THE FINDING THAT THERE REMAINED AN ACTUAL, LIVE CONTROVERSY NOT RENDERED MOOT BY THE COMMENCEMENT OF CONSTRUCTION OF CCOC'S SPECIALTY ORTHOPAEDIC HOSPITAL.

CITY'S FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO DISMISS THE ADMINISTRATIVE APPEAL ON MOOTNESS GROUNDS AFTER THE CRYSTAL CLINIC COMMENCED CONSTRUCTION OF THE PROJECT.

{¶16} The Clinic and City also argue that the common pleas court should have followed this Court's precedent that a case involving the construction of a building is moot if the appellant fails to obtain a stay before construction commences. According to the Clinic and the City, because the Meyersons did not obtain a stay of construction and it began, the common pleas court incorrectly denied their motions to dismiss.

{¶17} This Court will not decide issues if our decision "cannot affect the matter in issue in the case before it." *Heaney v. Crystal Clinic Orthopaedic Center, LLC*, 9th Dist. Summit No. 29579, 2020-Ohio-894, ¶ 6, quoting *Miner*, 82 Ohio St. at 238. Regarding construction cases, this Court has determined that, "once construction begins, meaningful relief is unavailable because 'the damage has already been done [and] the land has been permanently altered.'" *Id*. at ¶ 7, quoting *Neighbors for Responsible Land Use v. Akron*, 9th Dist. Summit No. 23191, 2006-Ohio-6966, ¶ 11. It, therefore, has held that, if "an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and construction commences, the appeal is rendered moot." *Poulson*, 2005-Ohio-2976, at ¶ 7, quoting *Schuster*, 2003-Ohio-6587, at ¶ 8.

{¶18} On the other hand, if an appeal involves more than the mere construction of a building and "also seeks to prevent the proposed uses of the building[,]" this Court has held that it is not moot just because construction has begun. *Highland Square Mgt., Inc.*, 2015-Ohio-401, at ¶ 7. "Challenges to the manner in which the structure will be used are not moot merely because the structure has been built." *Id*.

{¶19} In their administrative appeal of the planning commission's decision to grant a conditional use permit, the Meyersons argued that the approval was illegal, arbitrary, capricious, and unreasonable and was unsupported by the preponderance of substantial, reliable, and probative evidence. Specifically, they argued that the hospital use was not compatible with the surrounding land uses because, under the City's zoning code, a hospital must be located on an arterial or collector road. The Meyersons also argued that the hospital use was not compatible because it includes plans to store explosive substances only 80 feet from their property and would not contain enough parking for peak times. They also argued that the Clinic had misrepresented how well the

landscaping would screen the building and rooftop structures, had used an improper definition of the word compatible, and that the expert report submitted by the Clinic was rife with errors. Thus, the Meyersons' administrative appeal challenged more than construction-related issues. It raised concerns about issues the hospital may present while in operation, specifically as to the amount of traffic that would be flowing to and from the hospital, whether vehicles would spill into other parking lots or onto nearby streets, and the persistent storage of explosive substances.

{¶20} The Clinic argues that the Meyersons did not challenge the use of the building as a hospital but only the planning commission's decision that it had satisfied the conditions to use the property as a hospital. It, therefore, argues that *Highland Square* is distinguishable. We do not agree. Although some of the Meyersons' arguments challenge the process through which the planning commission approved the conditional use permit or the adequacy of its decision, others concern the underlying use of the property as a hospital and the affect it could have on the surrounding area.

{¶21} The City, on the other hand, argues that *Highland Square* should not be followed because it only briefly discussed mootness. It also argues that any discussion of mootness in the opinion was dicta and that the case is distinguishable because it did not involve the construction of a hospital. The City also argues that *Highland Square* should not apply to this case because the Meyersons are only concerned about external effects that the operation of the hospital might have. It further argues that the Ohio Supreme Court's decision in *State ex rel. Wood v. Rocky River*, 166 Ohio St.3d 394, 2021-Ohio-3313, supersedes *Highland Square*.

{¶22} In *Highland Square*, the City of Akron argued that the appeal was moot because construction of the building had commenced. Because this Court does not have authority to address moot issues, it resolved the mootness question before proceeding to the merits of the

appeal. App.R. 12(A)(1)(c); *In re A.B.*, 9th Dist. Lorain No. 16CA010927, 2017-Ohio-4344, ¶ 17. Accordingly, the determination of mootness in *Highland Square* was not dicta.

{¶23} Regarding the Meyersons' concerns about the hospital's external effects, there is no information in *Highland Square* about why Highland Square Management opposed the approval of the conditional use. It was not relevant to whether the appeal was moot. Finally, the *Wood* decision involved whether a couple could obtain a writ of mandamus to stay the approval of a development plan. The case did not involve the administrative appeal of a conditional use permit and does not supersede *Highland Square*. *State ex rel. Wood* at ¶ 1-4.

{¶24} Upon review of the record, we conclude that the common pleas court correctly determined that the Meyersons' administrative appeal of the conditional use permit was not moot. The Clinic's third assignment of error and the City's first assignment of error are overruled.

FIRST ASSIGNMENT OF ERROR IN CASE NUMBER 29788

> THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND THAT THE COMMISSION'S RE-APPROVAL OF THE HEIGHT EXCEPTION FROM 36 FEET TO 49.5 FEET WAS ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE, OR UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE ON THE WHOLE RECORD BECAUSE THE CONDITIONS FOR THAT APPROVAL SET FORTH IN CODE §1274.03(C) WERE NOT MET.

{¶25} The Meyersons argue that the common pleas court incorrectly upheld the planning commission's approval of a building height exception. Unlike their appeal of the granting of the conditional use permit, the Meyersons' appeal of the building height exception is not controlled by *Highland Square*. It only concerns the physical construction of the building, which has been completed. Accordingly, upon review of the record, we conclude that the Meyersons' appeal of the building height exception is moot. *See Poulson*, 2005-Ohio-2976, ¶ 8. The Meyerson's first assignment of error in case number 29788 is overruled on that basis.

SECOND ASSIGNMENT OF ERROR IN CASE NUMBER 29788

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND THE COMMISSION'S APPROVAL OF THE PERMIT WAS ILLEGAL, ARBITRARY, CAPRICIOUS, UNREASONABLE, OR WAS UNSUPPORTED BY THE PREPONDERANCE OF SUBSTANTIAL, RELIABLE, AND PROBATIVE EVIDENCE ON THE WHOLE RECORD BECAUSE NUMEROUS CONDITIONS FOR THAT APPROVAL WERE NOT MET.

{¶26} The Meyersons also argue that the common pleas court incorrectly upheld the planning commission's approval of a conditional use permit. Under Revised Code Section 2506.04, a common pleas court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court may not simply substitute its judgment for that of the administrative agency, but it may weigh the evidence in determining whether the record supports the agency's decision. *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 13. The scope of an appellate court's review of the common pleas court's decision is even "narrower and more deferential." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25. It is "designed to strongly favor affirmance" and focuses on questions of law. *Id*. at ¶ 30. Unlike the common pleas court, the court of appeals may not weigh the evidence. *Shelly Materials, Inc. v. City of Streetsboro Planning and Zoning Comm.*, 158 Ohio St.3d 476, 2019-Ohio-4499, ¶ 17.

> Apart from deciding purely legal issues, the court of appeals can determine whether the court of common pleas abused its discretion, which in this context means reviewing whether the lower court abused its discretion in deciding that an administrative order was or was not supported by reliable, probative, and substantial evidence."

*Id*.

{¶27} The Meyersons argue that the Clinic should not have been granted a conditional use permit for multiple reasons. The City's zoning code provides that the planning commission may permit a conditional use if the use will conform to certain general criteria and additional specific requirements. The general criteria are: 1) that the conditional use will be designed, constructed, operated and maintained so as to be harmonious and appropriate with the prevailing, existing, or intended character of the general vicinity; 2) that the establishment, maintenance, or operation of the conditional use will not endanger the public health, safety, or general welfare; 3) that the establishment of the conditional use in the proposed location will not impede the normal and orderly development and improvement of the surrounding property for uses permitted in the district; and, 4) that the conditional use will be minimally impacted in the future by surrounding uses permitted by right that may be incompatible with the proposed conditional use. Codified Ordinances of the City of Fairlawn 1287.02. There are numerous additional specific requirements depending on the type of use and the zoning district in which the use will be located.

{¶28} The Meyersons argue that the hospital will not comply with the specific requirement that a conditional use must conform to the regulations within the district in which it is located. *Id*. at 1287.03(b). The first reason they argue the hospital will not comply is because hospitals must be located on an arterial or collector roadway. The common pleas court found that the road is a collector road because it connects a local road to an arterial road. Although the Meyersons argue that a traffic impact study that was presented does not specify whether the road is an arterial, collector, or local roadway, they have not challenged the common pleas court's analysis that the road is a collector road because it connects an arterial road to a local road.

{¶29} The Meyersons next argue that the hospital will violate a zoning requirement that structures shall not be used in a manner as to adversely affect the surrounding area with dangerous

or objectionable elements such as fire, gases, explosives, or other hazards. We note, however, that this requirement applies to construction in all districts and is not one of the factors that the planning commission had to consider in determining whether to approve a conditional use permit. *Id*. at 1248.02(a). In addition, the common pleas court found that petroleum, propane and liquid oxygen cannot be housed on the premises without additional approvals that their storage will comply with national fire protection standards. The Meyersons have not identified anything in the record that indicates that the substances will be used in a manner as to adversely affect the surrounding area.

{¶30} The Meyersons next argue that the property does not contain enough parking to be used as a hospital. The zoning code provides that applicants for a conditional use permit for a hospital must demonstrate that the use will be compatible with surrounding land uses regarding parking. *Id*. at 1287.06(n)(4). According to the Meyersons, at one time the plan for the property included 404 parking spaces. The planning commission asked whether some of the spaces could be eliminated to create more green space to help with run-off issues. The Clinic explained, however, that it wanted to have enough spaces available for peak times. The Meyersons argue that the final plan reduced the number of spots to 393, suggesting that the parking lot will be unable to accommodate everyone and will push vehicles onto the street for parking. The Meyersons argue that this adjustment demonstrates that the hospital is too large for the property.

{¶31} The common pleas court found that the final plan for the hospital provided for 166 more parking spaces than required by the city code, supporting the planning commission's finding that there would be adequate parking. The court also found that the Meyersons' concern that the parking lot would overflow was speculative. The City also points out that the testimony that the Meyersons cite regarding the Clinic's reluctance to reduce the number of parking spaces further actually occurred during a hearing on the final site plan, at which time the number of parking spots

was 393. The final number of parking spots, therefore, is not less than what the Clinic said was needed to accommodate peak traffic. We conclude that the Meyersons failed to establish that the hospital does not have enough parking to warrant approval of a conditional use permit.

{¶32} The Meyersons next challenge the testimony of one of the Clinic's witnesses at the planning commission meeting. According to the Meyersons, the witness was incorrect about the extent to which the trees on the property would block views of the hospital from neighboring homes. The Meyersons, however, have not established how this testimony led to error by the planning commission or the common pleas court.

{¶33} The Meyersons also argue that the Clinic's witness used an incorrect definition of the term compatible. They argue that, because the term is not defined, the ordinary meaning of the word must be used, which is, essentially, that items be capable of existing together harmoniously. *See Gamble v. Dobrosky*, 89 Ohio St.3d 257, 259 (2000). The Meyersons allege that the witness argued that the hospital use was compatible because it satisfied all the zoning requirements. According to the Meyersons, if a use is compatible whenever it satisfies all the other zoning requirements, the compatibility requirement becomes superfluous. The Fairlawn zoning code requires an applicant for a conditional use permit for a hospital to "demonstrate that the use will be compatible with the surrounding land uses, particularly with regard to traffic circulation, parking, noise, and appearance." Codified Ordinances of the City of Fairlawn 1287.06(n)(4).

{¶34} In its conclusions of fact, the planning commission found that the Clinic had "demonstrated that the proposed use would be compatible with surrounding land uses, particularly with respect to traffic circulation, parking, noise, and appearance." It elaborated by explaining that the hospital had been designed to comply with the City's zoning requirements for parking, lighting, landscaping, screening, and open space. A traffic study had also determined that it would

not have an adverse effect on traffic conditions in the surrounding area. It found that there was adequate parking, that the hospital would not produce excess noise beyond the premises, and that the lighting had been designed not to spill onto adjacent properties. The exterior was designed to be attractive with earth tones that were similar to the appearance of other office buildings along the road. The planning commission also found that the footprint of the building would be less than eight percent of the area of the property and that over 50% of the property would be open space. It also noted that the building would be more than 400 feet from any residences. It concluded that "weighing and considering all of the testimony, exhibits, and other evidence in the administrative record, including the hospital's compatibility with the nearby residential uses, * * * the proposed use will be compatible * * *." We conclude that Meyersons have not established that the planning commission or common pleas court incorrectly assessed whether the hospital would be compatible with the surrounding area.

**{¶35}** Finally, the Meyersons argue that the report presented by the Clinic's witness contains numerous errors. They have not shown, however, that the planning commission or the common pleas court relied on those allegedly incorrect statements in reaching their decisions.

**{¶36}** Upon review of the record, we conclude that the Meyersons have not established that the common pleas court exercised improper discretion when it determined that the planning commission's approval of the conditional use permit was supported by reliable, probative, and substantial evidence. The Meyersons' second assignment of error in case number 29788 is overruled.

III.

**{¶37}** The Meyersons' assignments of error in case number 29603 and case number 29788 are overruled. The Clinic's assignments of error in case number 29794 are overruled. The City's

assignments of error in case number 29797 are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to all parties.

———————————————————
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

BENJAMIN J. OCKNER and MAJEED G. MAKHLOUF, Attorneys at Law, for Appellants/Cross-Appellees.

WARNER MENDENHALL and LOGAN TROMBLEY, Attorneys at Law, for Appellants/Cross-Appellees.

STEPHEN W. FUNK and JESSICA LOPEZ, Attorneys at Law, for Appellees/Cross-Appellants.

R. BRYAN NACE, Attorney at Law, for Appellees/Cross-Appellants.

CHRISTOPHER F. SWING, and DAVID SPORAR, Attorneys at Law, for Appellees/Cross-Appellants.