[Cite as *Rieg v. Seville*, 2023-Ohio-4581.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MICHELLE RIEG, et al.

      Appellants

      v.

VILLAGE OF SEVILLE, et al.

      Appellees

C.A. No.      23CA0023-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     22CIV0849

DECISION AND JOURNAL ENTRY

Dated: December 18, 2023

---

CARR, Judge.

{¶1} Appellants, Michelle and Brian Rieg ("the Riegs") and Robin and Scott Wangler ("the Wanglers"),[1] appeal from the judgment of the Medina County Court of Common Pleas, granting a motion to dismiss in favor of Appellees, NEO Commerce Center, LLC ("NEO") and the Village of Seville ("the Village"). This Court affirms.

I.

{¶2} NEO owns three parcels of property in the Village. The property is zoned "R-1 (LOW DENSITY RESIDENTIAL), LC (LOCAL COMMERCIAL DISTRICT), MU (MIXED USED OVERLAY DISTRICT)[.]" Mixed-Use Overlay Districts are designed to allow a mixture

---

[1] A review of the record reveals that only Michelle Rieg and Scott Wangler appeared as parties in the lower court. The complaint they filed did not list their respective spouses as parties. Nor did their spouses otherwise join in the litigation once the complaint was filed. Their spouses have identified themselves as appellants in the notice of appeal even though they were not parties in the lower court. Because neither party has raised this issue on appeal and it is not dispositive, we merely note the discrepancy.

of residential, commercial, and industrial uses to coexist within a single, defined district. If an entity owns property in a Mixed-Use Overlay District and seeks to develop it, the entity must develop a site plan and submit it to the Village's Zoning and Planning Commission ("the Commission") for preliminary and final approval.

{¶3} NEO sought to build a new industrial business complex on its property. Its builder filed an application for a zoning certificate with the Commission.[2] The Riegs and the Wanglers, who are nearby residential landowners, opposed the application before the Commission. After the Commission approved the final site plan for the build, Michelle Rieg and Scott Wangler appealed that decision to the Medina County Court of Common Pleas. Neither the Riegs nor the Wanglers moved to stay the Commission's decision or enjoin NEO from commencing its build during the pendency of the proceedings in the lower court.

{¶4} Five and a half months after Michelle Rieg and Scott Wangler filed their administrative appeal, NEO intervened in the proceedings and moved to dismiss the appeal. NEO argued the case was moot because it had already begun construction on its business complex. Michelle Rieg and Scott Wangler responded in opposition to the motion to dismiss, and NEO filed a reply. Upon review of the filings, the trial court granted NEO's motion to dismiss.

{¶5} The Riegs and the Wanglers now appeal from the trial court's judgment of dismissal and raise two assignments of error for review. For ease of analysis, we combine the assignments of error.

---

[2] At the time the builder filed the zoning application, the property was owned by NEO's predecessor in title. NEO purchased the property at some point during the pendency of these proceedings.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING NEO COMMERCE CENTER, LLC'S MOTION TO DISMISS APPELLANTS' R.C. []2506 APPEAL ON THE GROUNDS OF MOOTNESS DUE TO COMMENCEMENT OF CONSTRUCTION EVEN THOUGH IT WAS POSSIBLE TO PROVIDE APPELLANTS AT LEAST SOME OF THEIR REQUESTED RELIEF.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING NEO COMMERCE CENTER, LLC'S MOTION TO DISMISS APPELLANTS' R.C. []2506 APPEAL ON THE GROUNDS OF MOOTNESS WHERE APPELLANTS' APPEAL CHALLENGES THE USE OF THE LAND AND BUILDINGS.

{¶6} In their assignments of error, the Riegs and the Wanglers argue the trial court erred by granting NEO's motion to dismiss their administrative appeal. Specifically, they challenge the trial court's determination that their appeal is moot. We do not agree the trial court erred when it granted NEO's motion to dismiss.

{¶7} "Because the issue of mootness is a question of law, we review the common pleas court's decision de novo." *Meyerson v. Fairlawn*, 9th Dist. Summit Nos. 29603, 29788, 29794, 29797, 2022-Ohio-2255, ¶ 4. "Using a de novo standard, this Court conducts an independent review of the trial court's decision, giving no deference to the trial court's determination." *Jacobson v. Akron Children's Hosp.*, 9th Dist. Summit No. 30188, 2023-Ohio-2225, ¶ 53.

{¶8} "In the context of construction disputes, this Court has observed that once construction begins, meaningful relief is unavailable because 'the damage has already been done [and] the land has been permanently altered.'" *Heaney v. Crystal Clinic Orthopaedic Ctr., LLC*, 9th Dist. Summit No. 29579, 2020-Ohio-894, ¶ 7, quoting *Neighbors for Responsible Land Use v. Akron*, 9th Dist. Summit No. 23191, 2006-Ohio-6966, ¶ 11. "[W]hen construction commences because an appellant failed to seek a stay of execution or an injunction pending appeal, the appeal

is moot." *Heaney* at ¶ 7. Yet, "an administrative appeal that seeks to prevent the construction of a building is different in nature than an administrative appeal that seeks to prevent the proposed use of the building." *Meyerson* at ¶ 10. "[A] challenge 'to the manner in which [a] structure will be used' is not moot 'merely because the structure has been built.'" *Id.*, quoting *Highland Square Mgt., Inc. v. Akron*, 9th Dist. Summit Nos. 27211, 27372, 2015-Ohio-401, ¶ 7.

{¶9} When NEO's builder filed an application for a zoning certificate, he selected the following proposed uses for the property: new construction, business, and industrial. NEO sought to construct a new business complex with three buildings, surrounding parking, landscaping, and a large sound wall along residential property lines. At a hearing before the Commission for final site approval, NEO's representative described two of the buildings as "speculation-type builds, meaning tenants [were] not currently selected." Regarding the third building, he indicated it would "be a build-to-suit once a tenant [was] selected, and it [would] be more of a showroom-type frontage with warehousing in the back."

{¶10} The Riegs and the Wanglers opposed the zoning application for several reasons. They challenged the accuracy of the traffic study conducted for the build, cited erosion concerns regarding a nearby creek, and questioned the efficacy of the proposed sound wall. They took issue with specifications outlined in the site plan and argued that the proposed build violated numerous provisions of the Village's Zoning Code. Additionally, they challenged the size and nature of the proposed build as being inconsistent with the spirit and purpose of a Mixed-Use Overlay District and the goals and objectives of the Village's Comprehensive Development Plan. The Commission did not agree with their concerns, approved the site plan, and ultimately issued a zoning certificate.

{¶11} It is undisputed that the Riegs and the Wanglers never secured a stay or moved to enjoin NEO from starting to build its industrial business complex. NEO began to build its complex

while the administrative appeal was pending before the trial court. NEO then successfully intervened in the proceedings and moved to dismiss the complaint because construction had commenced. The trial court agreed to dismiss the administrative appeal because the Riegs and the Wanglers failed to obtain a stay or seek an injunction. The trial court determined that their appeal from the final site plan approval was rendered moot by NEO commencing construction.

{¶12} The Riegs and the Wanglers argue that the trial court erred by dismissing their administrative appeal for two reasons. First, they argue their appeal was not moot because, although construction had commenced, it was still possible for the court to afford them at least some of their requested relief. They argue that the objections they raised to many independent elements of the site plan continue to be viable and redressable. Second, they argue their appeal was not moot because they specifically challenged NEO's proposed use for the property. Unlike challenges related to site plan design specifications, they argue, challenges to proposed uses do not become moot when construction begins.

{¶13} In support of their first argument, the Riegs and the Wanglers rely on *Chafin v. Chafin*, 568 U.S. 165 (2013) and *State ex rel. Wood v. Rocky River*, 166 Ohio St.3d 394, 2021-Ohio-3313. In those cases, the United States Supreme Court and the Ohio Supreme Court recognized that a case only becomes moot when it is impossible to afford any effectual relief whatsoever to a prevailing party, no matter the size of that relief. *See Chafin* at 172; *State ex rel. Wood* at ¶ 13. Yet, *State ex rel. Wood* favorably quoted and relied on this Court's decision in *Shuster v. Avon Lake*, wherein we held that "where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay * * * and construction commences, the appeal is rendered moot." 9th Dist. Lorain No. 2003-Ohio-6587, ¶ 8; *State ex rel. Wood* at ¶ 13-15. This Court has since adhered to that proposition of law in more recent appeals. *See*

*Meyerson*, 2022-Ohio-2255, at ¶ 5-8, 21-23; *Heaney*, 2020-Ohio-894, at ¶ 7-9; *Highland Square Mgt., Inc.*, 2015-Ohio-401, at ¶ 7. We decline to revisit our precedent on this issue.

{¶14} NEO set forth evidence showing that construction on its industrial building complex commenced after it received final site plan approval from the Commission. It harvested, logged, and removed trees on the property. It installed perimeter fencing and constructed a temporary laydown lot. It demolished existing structures and removed much of that debris. It installed temporary construction power and began grading the soil. It also secured permits from various agencies. NEO estimated that it had already incurred expenses in excess of $2.6 million in connection with the build. To the extent the Riegs and the Wanglers challenged the construction of NEO's building complex, their appeal became moot when they failed to obtain a stay and NEO commenced construction. *See State ex rel. Wood* at ¶ 13-14; *Heaney* at ¶ 7-9; *Schuster* at ¶ 8.

{¶15} As for the Riegs and the Wanglers' second argument, this Court has recognized that "a challenge 'to the manner in which [a] structure will be used' is not moot 'merely because the structure has been built.'" *Meyerson* at ¶ 10, quoting *Highland Square Mgt., Inc.* at ¶ 7. Here, however, NEO did not have to petition the Commission for a conditional use of its property. *Compare Meyerson* at ¶ 2; *Highland Square Mgt., Inc.* at ¶ 2. The Village's Zoning Code addresses Mixed-Use Overlay Districts in Article Six, Section 611. That section distinguishes between permitted uses and conditionally permitted uses of property located in Mixed-Use Overlay Districts. *See* Zoning Code, Article VI, Section 611.03 through 611.04. NEO clarified in its motion to dismiss that its business complex was an industrial warehouse complex. The Riegs and the Wanglers have likewise acknowledged in their appellate brief that NEO is constructing an industrial warehouse complex/distribution warehouse hub. The Village's Zoning Code specifically provides that warehouses, industrially related wholesale establishments, and trucking

facilities are permitted uses in Mixed-Use Overlay Districts, not conditionally permitted uses. *See* Zoning Code, Article VI, Section 611.03(F)(3). The Riegs and the Wanglers have not shown that NEO's proposed use for its property was a conditional one such that the Commission had to approve it as a conditionally permitted use under the Village's Zoning Code. NEO only sought a zoning application to build in conformance with a permitted use. If the Riegs and the Wanglers wished to contest its build through an administrative appeal, it was incumbent upon them to obtain a stay or seek an injunction to prevent the build from commencing. Because they failed to do so, the trial court did not err when it found their administrative appeal moot and dismissed it on that basis. The assignments of error are overruled.

### III.

**{¶16}** The Riegs and the Wanglers' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JEFFREY T. WITSCHEY and KARAN A. MOSS, Attorneys at Law, for Appellants.

JOSEPH R. MILLER, CHRISTOPHER L. INGRAM, and MUNA ABDALLAH, Attorneys at Law, for Appellee.

ANDREW P. GURAN, Attorney at Law, for Appellee.

GREGORY A. BECK and TONYA J. RODGERS, Attorneys at Law, for Appellee.

THEODORE J. LESIAK and KRISTOPHER IMMEL, Attorneys at Law, for Appellee.