[Cite as *Biesiada v. N. Royalton Mayor*, 2024-Ohio-965.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

EDWARD BIESIADA,                    :

    Plaintiff-Appellant,          :

                              No. 112840

    v.                             :

CITY OF NORTH ROYALTON
MAYOR, ET AL.,                      :

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-975442

---

### *Appearances:*

Dworken & Bernstein Co., L.P.A. and Erik L. Walter, *for appellant*.

Thomas A. Kelly and Donna M. Vozar, *for appellees*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant Edward Biesiada ("Biesiada") appeals from the trial court's order granting defendants-appellees the North Royalton Board of Zoning Appeals ("the Board") and the City of North Royalton Mayor's (collectively,

"defendants" or "appellees") motion to dismiss. For the reasons that follow, we affirm the judgment of the lower court.

**Factual and Procedural History**

{¶ 2} This case involves an administrative appeal from a zoning decision made by the Board. On October 14, 2022, Biesiada's neighbor, Penny Kurowski ("Kurowski"), applied for a permit to build a fence on her property in North Royalton, Ohio. On December 14, 2022, Kurowski applied for a zoning variance related to the fence. Specifically, Kurowski requested a variance from North Royalton Code of Ordinances 1467.05(d)(1)(A)(5) to allow for the proposed fence to extend to the front wall line of her home, as opposed to being set back five feet from the front wall line of the residence as required by the ordinance.

{¶ 3} On January 19, 2023, the Board heard Kurowski's request. Kurowski explained that she wanted to replace her existing chain-link fence with a wooden fence and complying with the set-back requirement would mean that the fence would be behind a door she uses to let her dogs out and therefore impractical. Kurowski also explained that due to the location of the door in relation to a generator and a gas line, it would be impossible to move the door to be behind a properly set-back fence. Biesiada spoke in opposition to the variance, submitted exhibits, and asked that the variance be conditioned upon a survey of Kurowski's property. Specifically, Biesiada referred to several alleged issues on the Kurowski's property, including unpermitted outbuildings and an existing fence having been erected over the Kurowski's property line. The Board chair ultimately determined that Biesiada

failed to provide evidence to support his assertions. The Board granted Kurowski's request and issued findings of fact, applying the conditions for practical difficulties and the factors set forth in the North Royalton Code of Ordinances 1264.08(e)(1).

{¶ 4} On February 17, 2023, Biesiada filed an administrative appeal of this decision under Chapter 2506 of the Revised Code.

{¶ 5} On April 11, 2023, defendants filed a motion to dismiss, arguing that Biesiada's appeal was moot because he had failed to obtain a stay of the Board's decision or an injunction to halt construction of Kurowski's fence, and the administrative appeal was, therefore, moot. Moreover, according to the motion to dismiss, the fence was significantly completed around February 28, 2023, shortly after Biesiada filed his administrative appeal. An affidavit from David Smerek, the Building Commissioner for the North Royalton, was attached to the motion to dismiss.

{¶ 6} On May 9, 2023, Biesiada filed a brief in opposition to defendants' motion to dismiss. On May 16, 2023, defendants filed a reply brief in support of their motion to dismiss.

{¶ 7} On May 17, 2023, the trial court granted the defendants' motion to dismiss. The court found that Biesiada's administrative appeal was moot because he failed to obtain a stay of the decision before construction on the fence commenced. Specifically, the court found

> Biesiada failed to seek a stay of the Board's decision granting the variance. This left Kurowski free to proceed with installation of the fence as this appeal did not act as an automatic stay of the Board's

decision. The appeal is moot as a reversal of the Board's decision cannot affect the matter at issue. Further, the Court finds that neither exception to the mootness doctrine applies to the facts herein because there are no issues capable of repetition, yet evading review, and the issue before the Board, whether Kurowski was entitled to a variance, does not qualify as an issue of "public or general interest."

{¶ 8} Biesiada filed a timely notice of appeal from the trial court's dismissal of his administrative appeal and raises a single assignment of error for our review:

The trial court's decision to grant Appellees' motion to dismiss was in error because the court went outside the scope of the appeal.

**Legal Analysis**

{¶ 9} As an initial matter, we note that in his opening brief, Biesiada refers to the standard of review for a dismissal pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. Civ.R. 12(B)(6) is inapplicable to the instant matter; neither the motion to dismiss nor the trial court's subsequent dismissal order referred to Civ.R. 12(B)(6) or to Biesiada's purported failure to state a claim upon which relief may be granted. A judgment dismissing a complaint as moot means the trial court has declined to exercise jurisdiction over the matter, and it necessarily follows that such a dismissal does not reach the issue of whether the complaint failed to state a claim upon which relief can be granted. *Tavenner v. Pittsfield Twp.*, 9th Dist. Lorain No. 22CA011831, 2022-Ohio-4444, ¶ 9, citing *Brown v. Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493, ¶ 9. Further, while this case does not involve a Civ.R. 12(B)(6) motion, any reliance by the trial court on extrinsic evidence was not inappropriate, because "'[a]n event that causes a case to be moot may be proved by extrinsic evidence outside the record.'" *Id.*,

quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992). Therefore, we decline to consider Biesiada's arguments regarding Civ.R. 12(B)(6). Instead, we will address the issue of mootness.

{¶ 10} "'Because the issue of mootness is a question of law, we review the common pleas court's decision de novo.'" *Rieg v. Seville*, 9th Dist. Medina No. 23CA0023-M, 2023-Ohio-4581, ¶ 7, quoting *Meyerson v. Fairlawn*, 9th Dist. Summit Nos. 29603, 29788, 29794, and 29797, 2022-Ohio-2255, ¶ 4. "'Using a de novo standard, this Court conducts an independent review of the trial court's decision, giving no deference to the trial court's determination.'" *Id.*, quoting *Jacobson v. Akron Children's Hosp.*, 2023-Ohio-2225, 220 N.E.3d 953, ¶ 53 (9th Dist.).

{¶ 11} A common pleas court's "jurisdiction is limited to 'justiciable matters.'" *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 23 (8th Dist.), quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972). If a justiciable matter becomes moot, the court of common pleas no longer has jurisdiction to hear the case. *Id.*, citing *Hirsch v. TRW, Inc.*, 8th Dist. Cuyahoga No. 83204, 2004-Ohio-1125, ¶ 11.

{¶ 12} "It is well established that in cases involving construction, if a party fails to obtain a stay of execution before construction commences, the case is moot." *Gajewski v. Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 91101, 2008-Ohio-5270, ¶ 18, citing *Pinkney v. Southwick Invests., LLC*, 8th Dist. Cuyahoga Nos. 85074 and 85075, 2005-Ohio-4167 (residents sought to prevent land development for certain

use; trial court found there were no restrictions on the use of the land; residents appealed, but did not seek a stay; construction was substantially complete by the time the case was heard; appeal moot), and *Walouke v. Mentor Bd. of Bldg. & Zoning Appeals*, 11th Dist. Lake County No. 10-136, 1984 Ohio App. LEXIS 12133 (Dec. 28, 1984) (neighbors objected to landowner building a garage; zoning board granted variance, neighbors appealed, but did not request a stay; garage was built during pendency of appeal; moot). The mootness doctrine contains two recognized exceptions: cases involving issues capable of repetition, yet evading review, and cases involving a matter of great public or general interest. *Gajewski* at ¶ 22.

{¶ 13} Biesiada argues that the doctrine does not apply in this way because this case does not involve construction of a building. We disagree. Further, while Biesiada argues that the case is not moot because the fence could be torn down, he does not dispute that he failed to obtain a stay or seek an injunction. Nor does Biesiada offer any basis for finding this case to be an exception to the mootness doctrine. Based on our review of the record, this case does not involve an issue capable of repetition, yet evading review, nor does it involve a matter of great public or general interest.

{¶ 14} The common pleas court did not err by dismissing Biesiada's administrative appeal on mootness grounds. Accordingly, we overrule the assignment of error and affirm the lower court's judgment.

{¶ 15} Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR